No. 16,154.

HENDRYX v. THE STATE.

POOR PERSON.—*Review of Discretion of Trial Court in Refusing to Award Counsel to Defend a Poor Person.*—The discretion of a trial court in refusing to award counsel to a defendant on trial, upon his application as a poor person, is subject to review in the Supreme Court.

SAME.—*Power of Court to Award Counsel to Defend.*—A trial court has ample power to award counsel to defend a person charged with crime who is too poor to secure counsel to present his defence.

SAME.—*Parents of Defendant Able to Secure Counsel for Him, but Refusing to do so.*—The fact that the parents of the defendant are amply able to secure for him counsel is no reason for refusing to assign him proper counsel when they refuse to do so.

SAME.—*Attorney Volunteering Services After Court's Refusal to Appoint.—Error not Cured.*—If a court erroneously refuse to assign counsel, the error is not cured by an attorney offering his services and conducting the defence over the protest of the accused, and which services the accused declines to accept.

From the Elkhart Circuit Court.

*H. D. Wilson, W. H. Vesey* and *C. W. Miller,* for appellant.

*J. T. Sullivan,* Prosecuting Attorney, and *J. H. State,* for the State.

COFFEY, J.—The appellant was indicted in the Elkhart Circuit Court at the December term, 1890, for the murder of one Edmond Caulkins. Upon a trial by jury he was found guilty of murder in the second degree, and, over a motion for a new trial, he was sentenced to imprisonment in the State prison for the period of his natural life.

Among the many reasons urged here for a reversal of the

judgment there is but one, we think, properly presented by the record, and that is that the circuit court erred in refusing to permit the appellant to defend as a poor person, and to assign him counsel for his defence.

Section 260, R. S. 1881, provides that "Any poor person, not having sufficient means to prosecute or defend any action, may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend as a poor person. The court, if satisfied that such person has not sufficient means to prosecute or defend the action, shall admit the applicant to prosecute or defend as a poor person, and shall assign him an attorney to defend or prosecute the cause, and all other officers requisite for the prosecution or defence, who shall do their duty therein without taking any fee or reward therefor from such poor person."

As to whether a person shall be permitted to prosecute or defend an action, as a poor person, and shall have counsel assigned him for that purpose, under this statute, is, of necessity, largely in the discretion of the trial court, but the exercise of such discretion is subject to review by this court. *Keyes* v. *State*, 122 Ind. 527 ; *Hoey* v. *McCarthy*, 124 Ind. 464.

The application in this case to be permitted to defend as a poor person was supported by the affidavit of the appellant, and discloses the following facts : The appellant was arrested and confined in the jail of Elkhart county on the 10th day of January, 1891, where he had remained until the time of making the application. The indictment upon which he was tried was returned by the grand jury on the 19th day of the same month. The appellant was a married man, twenty-six years of age, and at the time of his arrest resided in the city of Chicago. He and his parents formerly resided in Elkhart county, Indiana, but had recently removed to the city of Chicago. Neither the appellant nor his wife had any property, of any kind, except wearing apparel, which was scarcely enough to keep them comfortable. The father and

mother owned real estate in Elkhart, Indiana, jointly, of the probable value of $5,000, were on good terms with the appellant, but refused to aid him in his defence or furnish any means for that purpose. He was wholly unable to employ or procure counsel by reason of the fact that he had nothing with which to pay.

The State was represented by the prosecuting attorney and his deputies, and by Hon. John H. Baker, the latter having been appointed by the court to assist in the prosecution. It was further shown that Mr. Baker was a lawyer of thirty years' experience in criminal practice, and possessed much influence with the jurors of the county.

The appellant in his affidavit in support of his application protests his innocence of the crime charged against him.

The facts set forth in this application, so far as they relate to the appellant's pecuniary condition, are not denied.

The ground upon which the court refused the application appears by its written opinion filed in the cause.

It appears that the court reached the conclusion, that, by reason of the fact that the parents of the appellant possessed means with which they could employ counsel, he was not a poor person, within the meaning of the statute.

In this conclusion we think the learned court erred.

The appellant had reached his majority, had married, and had a family of his own. If his parents refused to contribute of their means to aid in defence of their son, the result, as to him, was the same as if they had been penniless. If the parental affection was not sufficiently strong to induce them to come to his aid, there was no process by which they could be coerced, and his condition was as hopeless as if he had been an orphan. Their means, if they refused to place them at his disposal, could not aid him in procuring counsel to assist him in the defence of a charge the most serious known to the law; and, if they refused to aid him, the property possessed by them should not have been considered in determining whether he was, in fact, a poor person

within the meaning of the law. The showing made by the application in this case, uncontradicted and not disputed, as it seems, clearly brought the appellant, we think, within the letter and spirit of the statute above set out.

The power, as well as the duty of the court, to assign to poor persons, charged with serious crimes, counsel for their defence, upon a proper showing, is no longer open to dispute in this State. *Board, etc.,* v. *Courtney,* 105 Ind. 311; *Keyes* v. *State, supra; Stout* v. *State,* 90 Ind. 1; *Webb* v. *Baird,* 6 Ind. 13.

In the case of *Webb* v. *Baird, supra,* it appeared that Mr. Baird had been appointed by the circuit court to defend a person charged with burglary. The county of Tippecanoe, in which the prosecution was had, refused to pay for such services, claiming that the court had no power to bind it by such appointment, and suit was brought to compel payment, and in answer to the position assumed by the county this court said: " But that the services rendered by *Baird* were necessary to be rendered by some attorney, will scarcely admit of argument. It is not to be thought of, in a civilized community, for a moment, that any citizen put in jeopardy of life or liberty, should be debarred of counsel because he was too poor to employ such aid. * * * The defence of the poor, in such cases, is a duty resting somewhere, which will be at once conceded as essential to the accused, to the court, and to the public."

At the time of the assignment of the attorney named in this case there was no statute authorizing the action of the court, but it was held that, as such appointment was necessary to accomplish the ends of public justice, the court possessed the inherent power to make the appointment in the absence of a statute.

In the case of *Board, etc.,* v. *Courtney, supra,* Mr. Courtney was assigned as counsel for a defendant in a case which had gone from Montgomery county to the county of Parke, on a change of venue, and it was contended by Montgomery

county that Parke county should be charged with the value of the services rendered by Mr. Courtney in defending the prisoner, but this court said: "We can not suppose that the Legislature intended that a necessary, and in many cases indispensable, part of the expense of a criminal trial coming from one county to another, should be borne by the county to which the change was taken."

It seems from these, and other authorities, that in this State the law regards the appointment of counsel to defend persons charged with grave crimes, who are too poor to employ counsel on their own behalf, as indispensably necessary to the orderly administration of justice and a fair trial.

Where a prisoner, without legal knowledge, is confined in jail, absent from his friends, without the aid of legal advice or the means of investigating the charge against him, it is impossible to conceive of a fair trial where he is compelled to conduct his cause in court, without the aid of counsel. His defence may be ever so complete, if properly presented, and yet, if he escapes conviction under the circumstances above given, it must be for want of evidence on the part of the State. Such a trial is not far removed from an *ex parte* proceeding.

Under the showing in this case we think the court erred in refusing to permit the appellant to defend as a poor person, and in not assigning counsel for his defence.

It appears by the record that, after the jury had been sworn to answer questions as to their competency, Mr. Vail, a young attorney at the bar of the court in which the appellant was convicted, volunteered his services to defend the prisoner, and, over the objection of the appellant, was permitted, by the court, to question the jury, cross-examine witnesses, make a statement of the defence to the jury, call and examine witnesses for the defence, and argue the case to the jury.

It is claimed by the appellee that this cured the error of the court in refusing to assign counsel, if there was any error, and for this reason the judgment should not be reversed.

No doubt Mr. Vail was prompted by commendable motives in thus volunteering his services to aid the prisoner in his extreme peril, but his motives were misunderstood by the appellant, and it appears that he refused to accept such services, and refused to communicate with Mr. Vail in relation to his defence.

Under these circumstances we can not suppose that the appellant had that full and fair investigation of his case which its importance demanded, and which the law contemplates. We do not think the fact that Mr. Vail volunteered his services at the time he did, and defended the prisoner to the best of his ability under the circumstances, surrounded by the embarrassments which beset him, cured the error of the court above indicated.

Judgment reversed, with directions to the circuit court to sustain the appellant's motion for a new trial.

OLDS, J., took no part in the decision of this cause.

Filed Feb. 2, 1892.