## GRAYBEAL v. THE STATE.

[No. 17,703.    Filed September 24, 1896.]

APPELLATE PROCEDURE.—*Bill of Exceptions.—Criminal Law.*—Affidavits to sustain causes assigned for a new trial in a criminal case, can only be brought into the record by embodying them in a bill of exceptions.

SAME.—*Affidavits for New Trial.—When Made Part of Record by Order of Court.—Statute Construed.*—Section 662 Burns' R. S. 1894 (section 650 R. S. 1881), which provides that affidavits may be made a part of the record by order of court, relates exclusively to civil actions, and has no application to criminal cases.

From the LaPorte Circuit Court. *Affirmed.*

*W. H. Breece*, and *Weir & Weir*, for appellant.

*W. A. Ketcham*, Attorney-General, *O. M. Cunningham*, and *M. Moores*, for appellee.

MONKS, C. J.—Appellant was tried upon an indictment charging him with murder in the first degree, and found guilty of manslaughter, and over a motion for a new trial judgment was rendered upon the verdict.

The only error assigned is that the court erred in overruling the motion for a new trial.

The only cause assigned for a new trial was alleged misconduct of the jury. The affidavit filed in support of the motion for a new trial is not made a part of the record by a bill of exceptions.

Affidavits to sustain causes assigned for a new trial in a criminal case can only be brought into the record by embodying them in a bill of exceptions. *Naanes* v. *State*, 143 Ind. 299 ; *Townsend* v. *State*, 132 Ind. 315; *Meredith* v. *State*, 122 Ind. 514; *Leverich* v. *State*, 105 Ind. 277; Gillett's Crim. Law, section 990, and cases cited.

Section 662, R. S. 1894 (section 650, R. S. 1881), which provides that affidavits may be made a part of the record by order of court, relates exclusively to civil actions, and has no application to criminal cases. *Naanes* v. *State, supra.*

There is nothing in the record to sustain the assignment of error.

The judgment is therefore affirmed.