## ALEXANDER v. STATE OF INDIANA.

[No. 24,707. Filed December 18, 1928. Rehearing denied February 24, 1932.]

*A. E. Needham,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *George J. Muller,* Deputy Attorney-General, for the State.

TRAVIS, J.—The charge is rape upon a female child 13 years of age. Judgment upon the verdict of guilty. The only error sought to be presented is the overruling of appellant's motion for a new trial. Upon this assigned error, the giving of an instruction to the jury, alleged to be erroneous, is sought to be presented. Neither this instruction, nor any of the instructions, is in the record by a bill of exceptions. The instruction is not before the court for consideration. *Smith* v. *State* (1926), 198 Ind. 614, 154, N. E. 370; *McNaught* v. *State* (1924), 194 Ind. 209, 142 N. E. 418; *Gillespie* v. *State* (1924), 194 Ind. 154, 142 N. E. 220; *Patton* v. *State* (1922), 192 Ind. 632, 135 N. E. 795.

The new trial was also sought because of newly discovered evidence, which cause was supported by affidavits. The question is not presented on appeal because the affidavits are not brought into the record by a bill of exceptions. *Alyea* v. *State* (1926), 198 Ind. 364, 370, 371, 153 N. E. 775; *Perfect* v. *State* 1923), 197 Ind. 401, 409, 141 N. E. 52; *Heath* v. *State* (1910), 173 Ind. 296, 90 N. E. 310, 21 Ann. Cas. 1056; *Graybeal* v. *State* (1896), 145 Ind. 623, 44 N. E. 641.

There is no error presented for consideration by the appeal.

Judgment affirmed.

## ON PETITION FOR REHEARING.

TRAVIS, C. J.—Appellant, by his petition for a rehearing, does not challenge the decision, that "the question (of newly discovered evidence) is not presented on appeal because the affidavits (in support of the reason for a new trial, which is, because of newly discovered evi-

dence) are not brought into the record by a bill of exceptions," but says, as the only ground for a rehearing: "Notwithstanding the affirmation of the lower court, the appellant contends that the judgment was erroneous in this: The court erred in overruling appellant's motion for a new trial, specifically and principally on the ground that appellant's affidavits, presented and submitted as a part of his motion for a new trial on the subject of newly discovered evidence, seems to appellant to have made it mandatory on the court to have granted a new trial." This statement indicates that counsel did not understand the holding of the court, which was that affidavits in support of a cause for a new trial must be presented for consideration on appeal by bill of exceptions.

The record of this case does not show that the affidavits in question, which were in support of appellant's thirty-first cause for a new trial on account of newly discovered evidence, were filed in the trial court. The best that this court can do is to conclude from the record that the affidavits, because they were marked as exhibits to the motion for a new trial, were bound with the motion itself. Such a physical attachment of the affidavits in question to the motion for a new trial adds nothing in support of a proposition (which is not here presented) that the affidavits were properly in the record by being copied therein by the clerk in making the record.

The only method by which the affidavits, which are all evidentiary, can be brought to this court, for consideration on appeal, is to bring them into the record by bill of exceptions. *Headley* v. *State* (1929), 201 Ind. 545, 552 (5), 561, 562 (19-21), 168 N. E. 692, 170 N. E. 433.

The petition for rehearing is denied.