KELLUMS *v.* STATE OF INDIANA.

[No. 27,866.   Filed September 23, 1943.]

*Woolery & Fletcher,* of Bedford, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

RICHMAN, J.—Upon a plea of guilty to an affidavit charging him with driving an automobile while under the influence of intoxicating liquor and also charging a prior conviction of a like offense, appellant was fined $5.00, sentenced to imprisonment in the Indiana Penal Farm for sixty days and his driver's license was "revoked" for 120 days. Three days after his conviction and sentence attorneys appeared for him and filed an unverified motion, signed only by them, for permission to withdraw the plea of guilty and to enter a plea of not guilty. Apparently without submission of evidence the motion was overruled. Later by a *nunc pro tunc* entry made upon motion of appellee, the judgment was amended to show that when he pleaded guilty he was advised by the court of the penalties prescribed for the offense charged and his right to have counsel, which he refused, and that the testimony of two arresting officers was taken after the plea of guilty was entered. Appellant's motion to strike out this entry was overruled.

Appellant's motion to withdraw his plea of guilty was a pleading presenting the issue of fact as to whether the plea was made "freely and understandingly." *Eagle* v. *State,* 221 Ind. *ante,* p. 475, 48 N. E. (2d) 811. If no evidence was introduced the facts recited in the motion were not proved. *Soucie* v. *State* (1941), 218 Ind. 215, 226, 31 N. E. (2d) 1018, 1022. If evidence was submitted it should be in a bill of exceptions and none is found in the record. Appellant therefore has failed to show error in overruling the motion to withdraw the plea of guilty.

He was not harmed by denial of his motion to strike out the *nunc pro tunc* entry. If it was improperly made it was a nullity, and the original judgment stands. Its sufficiency in form or substance is not attacked.

Judgment affirmed.

NOTE.—Reported in 50 N. E. (2d) 662.