HOY *v.* STATE

[No. 28,294. Filed December 11, 1947.]

*Mellen & Mellen,* of Bedford, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *Merl M. Wall,* Deputy Attorney General, for the State.

EMMERT, C. J.—This is an appeal from a judgment of the Monroe Circuit Court convicting the appellant of the felony of robbery (§ 10-4101, Burns' 1942 Replacement) and sentencing him to the Indiana State Prison for a term not less than 10 nor more than 25 years. The error assigned is the trial court's overruling the appellant's motion for new trial.

The record discloses that the State of Indiana, on the 10th day of December, 1946, filed an affidavit in two counts, the first charging the appellant with the robbery of Bob Y. Jean on the 9th day of December, 1946, and the second count charging appellant with grand larceny in the sum of $120, the property of the said Bob Y. Jean, on the same date; that the appellant was arrested on a bench warrant on the 10th day of December, and upon arraignment he pleaded not guilty to each count; that the trial was set for December 16th. That five days prior to the trial date the appellant was asked by the court if he desired the court to appoint counsel to represent him, and the appellant informed the court he would employ his own counsel. On December 16th,

the time for trial, the appellant appeared in court in custody, and upon inquiry by the court, the appellant stated he did not have counsel. Then the court-appointed R. I. Black as pauper attorney to represent appellant. On the same date the cause was tried by a jury, which after being orally instructed by the court, returned a verdict finding the appellant guilty of robbery as charged in the first count of the affidavit. Thereupon the court pronounced judgment in accordance with the verdict.

The appellant's motion for new trial was supported by the affidavit of his trial counsel, R. I. Black, which in substance stated that when affiant was in court attending to civil matters on the 16th day of December, the court appointed him as pauper attorney to represent appellant; that the appellant had been in jail continuously since arrest and unable to provide bond; that affiant informed the court he knew nothing about the case, that he moved the court for time to investigate the law and the facts and to secure necessary witnesses for appellant; that the court then answered in substance, in the presence of the jury which had been called to try the case, that appellant had had time to secure counsel and be ready for trial, and that affiant could have one hour to prepare for trial, and no continuances would be granted. That one Noble Baugh and Lester Hoy were eye witnesses to the altercation out of which the alleged offense grew, who would testify that appellant did not rob Bob Y. Jean or steal any money from him, but that Noble Baugh was then confined in the Indiana State Farm at Putnamville, and that Lester Hoy was then serving a sentence in an Indiana prison, and so far as affiant could then learn there were no other eye witnesses; that affiant did not have time to prepare an affidavit for continuance.

To this affidavit of appellant's trial counsel, the Prosecuting Attorney filed a counter-affidavit, setting forth certain other facts bearing on the question of effective representation by counsel. It stated in substance that before time for trial the appellant had conferred with LeRoy Baker, an attorney of Bloomington, and Mellen & Mellen, attorneys of Bedford, but that none of these appeared as counsel for appellant; that Lester Hoy, brother of appellant, was yet in the Monroe County jail on the date of trial, and could have been subpoenaed, and that counsel for appellant did not move the court for a continuance in order to obtain Noble Baugh, who was at the Indiana State Farm, as a witness.

The Prosecuting Attorney also filed a counter-affidavit of the Sheriff of Monroe County, which alleged that Lester Hoy was confined in the county jail on the date of trial, that he occupied the same cell as the appellant, and that he had not been taken to prison for the reason he might be needed as a witness in said trial.

All the above affidavits are set forth in appellant's brief under the heading of "Concise Statement of Record." The appellee's brief states, "Appellant has set out a concise statement of the record which is considered by appellee to be sufficient for this appeal." Under Rule 2-18 of this court inaccuracies in appellant's statement of the record should be set out or they are waived. Therefore no question has been presented which will prevent this court from considering these affidavits as affecting the merits of this appeal. See *Headlee* v. *State* (1930), 201 Ind. 545, 168 N. E. 692, 170 N. E. 433; *Alexander* v. *State* (1932), 203 Ind. 288, 164 N. E. 259, 179 N. E. 783.

Thus the questions are presented (1) whether appellant was denied representation by counsel as guaran-

teed by § 13 of Art. I of the Constitution of Indiana,[a] and (2) whether he was denied "due process of law" under the Fourteenth Amendment of the Federal Constitution. We hold that both constitutional protections were violated.

As early as 1854, concerning the right to counsel when a defendant was indicted for burglary, this court observed:

> "It is not to be thought of, in a civilized community, for a moment, that any citizen put in jeopardy of life or liberty, should be debarred of counsel because he was too poor to employ such aid. No Court could be respected, or respect itself, to sit and hear such a trial. The defense of the poor, in such cases, is a duty resting somewhere, which will be at once conceded as essential to the accused, to the Court, and to the public." *Webb* v. *Baird* (1854), 6 Ind. 13, 18.

When a defendant stands charged with crime this court has always been careful in protecting his rights guaranteed by § 13 of Art. I of the Indiana Constitution. In an opinion which reversed a judgment of conviction upon a plea of guilty of murder in the first degree, where defendant had requested counsel several times before arraignment, but at the time of the plea was informed that he could have a lawyer and a trial by jury, and defendant at the time informed the court he was guilty and desired to plead guilty, this court said:

---

(a) "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor." Art. 1, § 13, Constitution of Indiana.

"It has been held that a constitutional right to be heard by counsel is not limited to the right to be heard by counsel at the trial, but that the spirit of the provision contemplates the right of accused to consult with counsel at every stage of the proceedings. *People, ex rel.* v. *Risley* (1883), 66 How. Pr. (N. Y.) 67; *State* v. *Moore* (1900), 61 Kan. 732, 60 Pac. 748. In the case first cited the court said: 'Perhaps the literal letter of the constitutional provision would be complied with by allowing to the accused the benefit of counsel upon the "trial," but such a construction would illustrate the truth of that part of the old legal maxim which declares: "The letter killeth," and disregard its conclusion, "while the spirit giveth life." Undoubtedly the clause of the Constitution under consideration was adopted to secure to the accused person all the benefits which could flow from the employment of counsel to conduct his defense; and to give him those it is essential that he should be allowed to consult with his counsel not only during the actual trial, but prior thereto, in order to prepare for his defense. Where a right is conferred by law, everything necessary for its protection is also conferred, although not directly provided for. The privilege of the presence of counsel upon the trial would be a poor concession to the accused if the right of consultation with such counsel prior to the trial was denied. To give life and effect, therefore, to the provision of the Constitution under consideration, it must be held to confer upon the relator every privilege which will make the presence of counsel upon the trial a valuable right, and this must include a private interview with his counsel prior to the trial.' " *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 77, 125 N. E. 773, 776.

Even representation by incompetent counsel, who made an ineffective defense, is a denial of counsel. *Sanchez* v. *State* (1927), 199 Ind. 235, 157 N. E. 1; *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. (2d) 848.

In the case of *Rice* v. *State* (1942), 220 Ind. 523, 44 N. E. (2d) 829, the defendant charged with rape had secured the services of attorneys who had entered their appearance for him several months before the trial date. At about noon the day before the case was called for trial, these lawyers, by leave of court, withdrew their appearance as counsel for the defendant. Later the same day other counsel offered to appear for the defendant, provided the court would continue the trial date to afford themselves time to become acquainted with the case, but the court denied a continuance and said counsel refused to appear for the defendant. The next day the defendant was forced to trial without the benefit of counsel. This court held the action of the trial court was error, and said: "The request of the attorneys of record to withdraw their appearance on the eve of the trial ought to have been denied or the trial postponed sufficiently long for new counsel who were willing to appear to familiarize themselves with the case." (p. 525). For this reason the case was reversed.

We appreciate that it is the constitutional duty of trial judges to see that "Justice shall be administered freely . . . and without delay." Art. I, § 12, Constitution of Indiana. But this requirement is not inconsistent with the right to counsel under our Bill of Rights. This court will give a liberal construction to our own Bill of Rights when a question is raised concerning a denial of the rights and liberties of the individual against encroachment by the state, whether it be by executive, legislative or judicial power. These rights are self executing and do not depend upon enabling legislation to make them effective. *Webb* v. *Baird* (1854), 6 Ind. 13; *Hendryx* v. *The State* (1891), 130 Ind. 265, 29 N. E. 1131; *Knox County Council* v. *State ex rel. McCor-*

*mick* (1940), 217 Ind. 493, 29 N. E. (2d) 405, 130 A. L. R. 1427; 12 C. J. 733 § 115.

If this were not the law, mere inaction by the legislative department of this state would make such rights mere shadows devoid of substance and power to protect life and liberty.

Unreasonable delays in criminal trials are to be condemned, and we know that trial courts may be seriously inconvenienced by delays in their trial calendars. The delays which pauper defendants may cause in their attempts to secure counsel of their own choice before finally accepting the services of counsel assigned by the court may impede the disposition of other court business, yet the right to competent counsel who has adequate time to present every proper defense in behalf of the defendant is so fundamental to our understanding of justice that it is the duty of this court unhesitatingly to enforce the safeguard against every violation.

The crime of robbery is a serious felony which includes lesser offenses. *Duffy* v. *State* (1900), 154 Ind. 250, 56 N. E. 209; 54 C. J. 1082 § 199. Unless an instruction is properly requested on this point, the failure of the court to instruct on lesser offenses is not error. *Reynolds* v. *The State* (1897), 147 Ind. 3, 46 N. E. 31; *Bowman* v. *State* (1934), 207 Ind. 358, 192 N. E. 755.

Appellant's counsel was entitled to time to investigate the law, to prepare a written request for the court to instruct the jury in writing, and to draft special instructions for the defendant to be requested to be given by the court. The jury in this case was instructed orally and these instructions are not in the record. We do not know the points of law covered by them, but we do know that it is not error for the court to fail to instruct on many propositions of law in criminal cases unless the defendant tenders a proper instruction on such matters.

Requests for written instructions and special tendered instructions must be made before argument. § 9-1805, Burns' 1942 Replacement. Such preparation by a defendant's counsel requires reasonable time, and no adequate time was given in this case. Even though appellant's brother was in jail at the time of trial it may well have happened that in the haste to prepare for trial within the time limited by the court, appellant's counsel was under the impression that he was already at the Indiana Reformatory. There was not time in which to prepare a motion for continuance on account of the absence of the witness Noble Baugh. Nor did counsel have the opportunity to interview other witnesses who were named on the affidavit, nor to make any independent investigation of the facts. The right to counsel includes reasonable time for counsel to prepare for trial under the circumstances in each particular case if the right is to give a fair opportunity to safeguard the rights of a defendant charged with crime. The right to investigate and confer with witnesses as well as subpoena them is included in representation by counsel. "Compulsory process" is vain if counsel has no time to make the right available.

Since the decision in *Gitlow* v. *New York* (1925), 268 U. S. 652, 69 L. Ed. 1138, 45 S. Ct. 625, the United States Supreme Court has been consistently holding that the "fundamental principles of liberty and justice which lie at the base of all our civil and political institutions" [*Hebert* v. *Louisiana* (1926), 272 U. S. 312, 316, 71 L. Ed. 270, 272, 48 A. L. R. 1102, 47 S. Ct. 103] embodied in the Bill of Rights of our Federal Constitution are within the concept of due process under the Fourteenth Amendment, and, as such, a protection against abuse and misuse of power by executive, legislative or judicial power of the respective states. *Powell* v. *Alabama*

(1932), 287 U. S. 45, 77 L. Ed. 158, 53 S. Ct. 55; *White* v. *Ragen* (1944), 324 U. S. 760, 89 L. Ed. 1348, 65 S. Ct. 978; *Hawk* v. *Olson* (1945), 326 U. S. 271, 90 L. Ed. 61, 66 S. Ct. 116; *Rice* v. *Olson* (1945), 324 U. S. 786, 89 L. Ed. 1367, 65 S. Ct. 989; *Williams* v. *Kaiser* (1945), 323 U. S. 471, 89 L. Ed. 398, 65 S. Ct. 363; *Tomkins* v. *Missouri* (1945), 323 U. S. 485, 89 L. Ed. 407, 65 S. Ct. 370; *DeMeerleer* v. *Michigan* (1947), 329 U. S. 663, 91 L. Ed. 584, 67 S. Ct. 596.

Be it said to the credit of this court that even before the adoption of the Fourteenth Amendment (1868) and since that time with few exceptions, it has fearlessly protected the right to counsel, and made persuasive precedents on the question, which have been favorably cited by the United States Supreme Court when it was declaring the law on right to counsel under due process of law.

In *Powell* v. *Alabama* (1932), 287 U. S. 45, 58, 77 L. Ed. 158, 165, 53 S. Ct. 55, 60, the United States Supreme Court held that placing a defendant upon trial with no counsel until the morning of the trial date, was a denial of effective aid by counsel and a violation of due process under the Fourteenth Amendment. Mr. Justice Sutherland, speaking for the majority, said:

"It is not enough to assume that counsel thus precipitated into the case thought there was no defense, and exercised their best judgment in proceeding to trial without preparation. Neither they nor the court could say what a prompt and thorough-going investigation might disclose as to the facts. No attempt was made to investigate. No opportunity to do so was given. Defendants were immediately hurried to trial. Chief Justice Anderson, after disclaiming any intention to criticize harshly counsel who attempted to represent defendants at the trials, said: 'The record indicates that the appearance was rather pro forma

than zealous and active.' Under the circumstances disclosed, we hold that defendants were not accorded the right of counsel in any substantial sense. To decide otherwise, would simply be to ignore actualities. . . ."

Since that time that court has successively held that, unless a defendant knowingly waives counsel, any conviction of a serious crime without representation by counsel is reversible error.

It is doubtful if in the books there is any better statement of the philosophy of the Bill of Rights of the Federal as well as the Indiana Constitutions than that expressed by Judge Lairy of this court in *Batchelor* v. *State, supra,* at page 84:

"Our law is no respecter of persons. The rights of just and upright citizens are not more sacred in the eyes of the law than the rights of the poorest and meanest citizens of the state. The safeguards erected by the Constitution are intended to protect the rights of all citizens alike. They protect the rights of the guilty as well as those of the innocent. The court cannot give its sanction to the conviction of any person accused of crime where the proceedings on which the judgment is based show the denial of a right to which the defendant was entitled under the Constitution. Such judicial sanction, in any case, would destroy the efficacy of the constitutional safeguards to protect the rights of all citizens of the state."

The appellant's motion for new trial also questions the sufficiency of the evidence to sustain the verdict. Since for error already considered in this opinion, this cause must be reversed and a new trial ordered, there is no requirement that this court review the evidence. *Hunt* v. *State* (1927), 199 Ind. 550, 159 N. E. 149; *Newbauer* v. *State* (1928), 200 Ind. 118, 161 N. E. 826.

Judgment reversed and new trial ordered.

GILKISON, J.—Concurs in this opinion.

YOUNG, J., O'MALLEY, J. AND STARR, J.—concur in the result with separate opinion by YOUNG, J.

## CONCURRING OPINION

YOUNG, J.—I agree with the result reached in Judge Emmert's opinion but not with the process by which it was reached. The affidavits upon which Judge Emmert's opinion is based are not in the record. They were not offered in evidence and were not incorporated in a bill of exceptions as was necessary. *Butler* v. *State* (1945), 223 Ind. 260, and cases cited on p. 262, 60 N. E. (2d) 137; *Headlee* v. *State* (1929), 201 Ind. 545, and cases cited, 168 N. E. 692, 170 N. E. 433. Even had the affidavits been included in a bill of exceptions and made a part of the record they would have no value as to matters and events occurring during the trial in the presence of the court and claimed to be indiscretions and misconduct of the judge. Such matters and events may be brought to the attention of this court only by objection made to the trial court at the time and then made a part of the record by a special bill of exceptions. They may not be established by affidavits attached to a motion for a new trial. This could no more be done than the evidence and rulings of the court upon the introduction of evidence could be established by affidavits attached to a motion for a new trial. There is sound reason for this rule. The trial court alone should say what was said and done by him during the course of the trial. Any other rule would permit litigants and their attorneys to present as facts what the trial court knows to be untrue.

Without the affidavits, however, it appears from the record of the proceedings in this case that the defendant was not accorded his full constitutional right to counsel. Defendant was arrested the day after the offense charged was committed and was arraigned on the day of his arrest and tried six days later. At the arraignment he had said he would obtain his own attorney but on trial day he had failed to do so. On that day the court appointed the county pauper attorney to defend him. Trial proceeded and the verdict was returned on the day counsel was appointed. We know from experience that it required substantial time for submission of the evidence, which was in the record, argument of counsel, instruction of the jury and the jury's deliberations. Little time could have been left for consultation and preparation for the trial by counsel. Adequate time for consultation and preparation was as essential as appointment of counsel. Upon the face of the record, without the affidavits, it appears that such time was not available to appellant and his counsel. Hence my concurrence in the result reached in Judge Emmert's opinion.

I cannot, however, agree with the statement in Judge Emmert's opinion that "Even representation by incompetent counsel, who made an ineffective defense, is denial of counsel." This statement is much too broad and will lead some to consider that the competency of counsel may be presented to this court whenever there has been conviction. The cases cited in Judge Emmert's opinion to support the statement quoted do not do so. In the *Sanchez* case, cited, it was said:

"This court and other courts have held that the fact that the accused was poorly defended will not justify the reversal of a judgment where it is

reasonably supported by satisfactory evidence. . . ."

In the *Wilson* case, cited, Judge Richman concluded his opinion with a paragraph that made it perfectly clear that his holding therein should not apply in every or even the usual case where the defendant's attorney has ignorantly or carelessly failed to give him a good defense.

Nor can I agree that affidavits, not in the record, may be considered by this court merely because they are set out in appellant's brief and the appellee has stated in its brief that what is set out in appellant's brief is considered by appellee to be sufficient for the appeal. Such a statement by the appellee in his brief might, under the rules of this court, constitute a waiver by appellee of inaccuracies in appellant's statement, but would not make affidavits a part of the record, when in fact they were not, or permit this court to consider them when, according to established practice, they were not in the record.

O'MALLEY and STARR, J. J., concur in this opinion.

NOTE.—Reported in 75 N. E. (2d) 921.