ADAMS *v.* STATE OF INDIANA.

[No. 28,730.   Filed November 9, 1951.]

*Walter J. Bixler;* and *Cuthbertson & Cuthbertson,* both of Peru, for appellant.

*J. Emmett McManamon,* Attorney General; *George W. Hand* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal from a judgment in two parts, which sentenced the appellant to the Indiana State Prison for a term of not less than one nor more than ten years under the first count of the affidavit, and also sentenced the appellant to said institution for a term of not less than two nor more than five years under the second count of said affidavit. Appellant had entered a plea of guilty to both counts without being represented by counsel. But after the plea and before judgment he had employed counsel who, first, orally moved to withdraw the plea of guilty, and then before the ruling of the court thereon, filed an unverified motion to withdraw the plea. Before sentence, the written motion was overruled.

The first count of the affidavit charged the appellant and seven others with the larceny of $150.00 from Post No. 1343 Veterans of Foreign Wars, and no question is presented concerning the form of this count.

However, the charge in the second count of the affidavit is material to the consideration of appellant's contention that he was denied representation by counsel in violation of his constitutional rights. It charged that appellant and seven others did ". ... unlawfully, feloniously and burglariously, *enter* into the place of business of the Veterans of Foreign Wars, Post No. 1343, Lake Manitou, Indiana, with the intent then and there feloniously and burglariously, to take, steal and carry away the goods, chattels and personal property of the said Veterans of Foreign Wars, Post 1343, Lake Manitou, Indiana, . . ." (Italics supplied.) This charged the offense of entering to commit a felony under §10-704, Burns' 1942 Replacement, the material parts of said section being as follows: "Whoever enters any . . . business-house . . ., with the

intent to commit a felony therein, shall, on convicton, be imprisoned for not less than one (1) year nor more than ten (10) years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period." (Acts of 1905, ch. 169, §374, p. 584; 1907, ch. 72, §1, p. 100; 1927, ch. 203, §3, p. 580; 1941, ch. 148, §5, p. 447.) The second count failed to charge the offense of burglary in the second degree as defined by §10-701 (b), Burns' 1942 Replacement. This statute provides: "(b) Whoever breaks and enters . . . any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two (2) years nor more than five (5) years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period: . . ."

The material part of the record of the proceedings had by the trial court at the time of arraignment, as required by Rule 1-11, is as follows:

Questions by the court:

Q. "You have all been brought into Court here by way of an affidavit in two counts, Grand Larceny and Second Degree Burglar*ly*. Those are the charges that exist against all of you people. I am going to ask the Prosecuting Attorney to read you the affidavit, and I am going to ask all of you to listen carefully to the reading of the affidavit, as that tells you what you are charged with.

. . .

Q. "You have heard the reading of the affidavit, that told you what you are charged with. Upon a plea of guilty or upon conviction of the offenses as charged, these are the penalties that would apply: (H. I. Section 10-3001 and Section 10-701B., Burns Indiana Statutes) You are entitled to the services of an attorney before you make

your plea. Do you folks have an attorney to represent you before you make your plea?

(All defendants said, No.)

Q. "Do you care for time to get an attorney to counsel with before you enter your plea? . . .

. . .

Q. "And you, Raymond Adams, do you care for time to get an attorney before entering your plea?
A. (By Raymond Adams, Appellant) "No, your honor.

. . .

Q. "You have heard the reading of the affidavit and the penalties that would apply upon a plea of guilty or upon conviction of the offenses as charged. Are you ready at this time to enter your plea? . . .

. . . .

Q. "Raymond Adams, are you ready at this time to enter your plea?
A. "Yes.
Q. "What is your plea?
A. "Guilty.

. . .

Q. "Raymond Adams, what is your age?
A. "Thirty.

The court then addressed the Prosecuting Attorney as follows, to-wit:

Q. "What is the situation here, Mr. Prosecutor:
A. "If the Court please, I don't have it too well in mind as to all their acts and everything that took place, but on this particular night when the crime occurred, the 30th day of December, 1949, these individuals went out here to the Lake to the V. F. W., and broke into the main building. There is a small cement block building on the outside. They broke into the main building and went on through into this cement block building where the vault was and took some money out of there, over

one hundred and fifty dollars. Then there was some whiskey taken, several cases of it, don't know exactly how much, and some coin machines and a slot machine broken into.

Q. "Did all of the defendants here engage in this?

A. "As far as I know. They all came out that night in the car or truck—Mr. Gelbaugh's truck and Mr. Sweet's car, and the stuff was later taken back to Mr. Sweet's house. There have been several more instances in which these people are involved, both in this county and other counties. Until we get a true picture of that and get the entire matter straightened out, I would be glad if the Court would withhold judgment until that time. Some. of the defendants I know and some I don't know. Some are familiar and have been in Court before. and some haven't."

The court then addressed the Sheriff of Fulton County, Indiana, Lawrence Norris, as follows, to-wit:

Q. "Lawrence, do you know anything other than the prosecuting attorney's statement?

A. "Not very much.

Q. "Have these people been connected with the other happenings?

A. "Yes, all of them."

The court then addressed the defendants, as follows, to-wit:

Q. "I will ask this question of all of you collectively: Is there any other escapades or trouble that you have been in here that you haven't related to the Sheriff or Prosecuting Attorney? I want you to all stop and think about that. I want to know before I enter judgment in this case, if there is anything else you have been into that you haven't told the Sheriff, Officers or Prosecuting Attorney.

"You will be in the hands of the Sheriff until Judgment is entered here."

The unverified motion for leave to withdraw the plea of guilty asserted the appellant was (1) influenced to enter said plea by coercion, (2) deprived of the services of counsel, (3) influenced to enter said plea by mistake of fact, and (4) not guilty of the offenses charged. The state filed no motions to require the allegations to be made more specific, nor did it traverse any of said allegations. No hearing was had on the motion, and no evidence, either by way of witnesses or affidavit, was heard or introduced.

Appellant's contention here is that he was denied his right to be heard by counsel as guaranteed by Section 13 of Article 1 of the Constitution of Indiana. We cannot approve of the procedure used by appellant in the trial court in order to raise this issue. It would have been within the discretion of the trial court to have granted appellant's oral motion to withdraw his plea of guilty. *Ewbank's Indiana Criminal Law* (2d Ed.) p. 243, §375. The petition for leave to withdraw the plea of guilty should have stated facts and not conclusions showing violation of appellant's constitutional rights, and it should have been verified. The state should have been required to answer the petition. Appellant's counsel should have demanded a hearing on the petition and offered evidence to substantiate the material allegations thereof, which evidence should have been brought into the record by a special bill of exceptions. However, in spite of these deficiencies we feel that the intrinsic record of the court and the record of the proceedings had pursuant to Rule 1-11 are sufficient to sustain appellant's contention under the practice followed by the majority of this court in *Hoy* ·v. *State* (1947), 225 Ind. 428, 75 N. E. 2d 915, and *Bolkovac* v. *State* (1951), 229 Ind. 294, 98 N. E. 2d 250.

"One of the reasons for the adoption of Rule 1-11, *supra,* by this court is to provide an unimpeachable record showing the extent of the inquiry into ██ the facts, circumstances and conditions made by the trial court to ascertain at the time whether the offered plea of guilty is made freely and understandingly." *Campbell* v. *State* (1951), 229 Ind. 198, 202, 96 N. E. 2d 876, 877. "That a plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and that the trial court should satisfy itself of these facts before receiving such a plea, appears to be well settled. *Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742, and cases there cited." *Bielich* v. *State* (1920), 189 Ind. 127, 136, 126 N. E. 220.

The facts in this case present a much stronger cause for relief for appellant than did the facts in *Dearing* v. *State* (1951), 229 Ind. 131, 136, 139, 140, 95 N. E. 2d 832, 834, 835. This opinion summarized that record on arraignment as follows:

"Among other things it shows that the judge read the forgery statute, Sec. 10-2102 Burns 1942 Replacement, to appellant; told him he had a right to have a jury trial and to be represented by counsel, and asked him if he had an attorney to represent him in the matter and appellant answered 'No Sir'. The judge then asked him if he desired an attorney, and he replied 'I don't think so.' The judge then asked: 'Do you have money or means with which to employ counsel' and appellant answered 'No Sir'. The judge then said: 'I believe you said to me that you didn't think you desired an attorney to represent you?' To which appellant answered 'Yes, your Honor.' The affidavit was then read by the prosecuting attorney after which the judge said: 'What is your plea?' Appellant answered: 'I plead guilty.' The judge then sentenced him."

In commenting upon the denial of the constitutional right of representation by counsel, this court said:

> "It is noticeable that the judge did not advise appellant that he was entitled to have competent counsel represent him at public expense even though he was without money or means to pay counsel himself. See *Batchelor* v. *State* (1920), 189 Ind. 69, 77, 78, 125 N. E. 773.
>
> ". . .
>
> ". . . Both this court and the United States Supreme Court have consistently held that, there can be no valid judgment against a defendant in a criminal case unless he has been offered, and, if so desired, provided with adequate counsel. *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 510, 29 N. E. 2d 405, 130 A. L. R. 1427; *Johnson* v. *Zerbst* (1938), 304 U. S. 458, 468, 58 S. Ct. 1019, 82 L. Ed. 1461, 1468. The court erred in failing to advise appellant, on his arraignment, that he was entitled to have competent counsel represent him at public expense if he was without money, means or credit to pay for it himself."

It is not necessary to recite all of the deficiencies of the court's statements to appellant concerning his constitutional and legal rights to enable appellant to make his plea "freely and understandingly." The record affirmatively shows appellant was misinformed as to the charge contained in the second count, and that he was not informed he had the right "to have competent counsel represent him at public expense if he was without money, means or credit to pay for it himself."

Judgment reversed with instructions to the trial court to grant appellant's petition for leave to withdraw his plea of guilty.

NOTE.—Reported in 101 N. E. 2d 424.