STATE OF INDIANA *v.* MINTON.

[No. 29,259.   Filed November 25, 1955.]

*Edwin K. Steers,* Attorney General, *Frank E. Spencer,* Deputy Attorney General, and *James L. Laupus,* Prosecuting Attorney, of Seymour, for appellant.

*Henry H. Montgomery,* of Seymour, for appellee.

LANDIS, J.—This is an appeal by the State of Indiana from a judgment setting aside appellee's conviction, upon his motion to vacate judgment, in the nature of a petition for a writ of error *coram nobis.*

Appellee's motion to vacate judgment alleges appellee was arraigned on a charge of issuing a fraudulent check; that at such time he was without financial means to hire an attorney; that he received no advice from any attorney as to the consequences of his plea; that he refused counsel and entered a plea of guilty on the belief that the consequences of his plea were correctly represented to him by the trial court; that prior to entering his plea he was advised by the court that the penalty for the crime charged was a fine of not less than $10 nor more than $1,000, and imprisonment in the State Prison for not less than two nor more than fourteen years; that said advice was the only advice by the court as to the consequences of his plea.

Appellee's motion further says: that, upon receiving his plea of guilty, the court sentenced him for a term of two to fourteen years in the Indiana State Prison and fined him $10 and costs; that after he was committed to the Indiana State Prison he was called before the Prison Board of Trustees and informed his sentence and commitment were being held in abeyance until such time as he had fully satisfied an assessment of two years of an Indiana Reformatory commitment for parole violation; that when arraigned in the lower court in this case, he did not understand that the penalty about which he had been advised by the lower court was subject to the action by the Prison Board of Trustees holding said penalty in abeyance until the completion of previous servitude; that on the contrary, he thought his servitude would begin immediately and was not subject to postponement; that he was under a misapprehension as to the element of the punishment for the crime charged and as to the serious consequence of his plea; that had he understood the consequences of his plea of guilty, he would have accepted counsel and caused his defense to be presented to the court; that in effect, he was denied the right to counsel.

The State of Indiana by the prosecuting attorney, appellant, filed demurrer to appellee's motion, which demurrer was overruled, and appellant filed answer. The issues formed on appellee's motion to vacate, and appellant's answer were submitted to the court, which found for defendant-appellee on his motion to vacate judgment, and adjudged and decreed that the judgment of conviction be vacated, that defendant-appellee be allowed to withdraw his plea of guilty and plead anew. From this decision, appeal has been taken by the State of Indiana to this court.

The question presented on this appeal is whether the accused in a criminal case, who has refused counsel and

is properly advised by the trial court on his arraignment of the penalty for the crime with which he is charged and convicted, may, upon his plea of guilty, later complain in *coram nobis,* if he happened to be a parolee at the time of his arraignment, of the failure of the court to advise him of the statute[1] relating to the deferring of sentence for parole violators.

It is a well settled principle of law that a defendant charged with crime is entitled to be represented by counsel. Art. 1, §13, Constitution of Indiana; *Webb* v. *Baird* (1854), 6 Ind. 13, 18; *Hendryx* v. *The State* (1892), 130 Ind. 265, 269, 29 N. E. 1131; *Wilson* v. *State* (1943), 222 Ind. 63, 78, 83, 51 N. E. 2d 848; *Hoy* v. *State* (1947), 225 Ind. 428, 75 N. E. 2d 915.

The Supreme Court of the United States has held that a failure to permit a defendant to have counsel amounts to a denial of due process of law in violation of the federal constitution. *Powell* v. *Alabama* (1932), 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158; 84 A. L. R. 527.

A defendant has a right to have an attorney of his own choice if he is financially able to employ such an attorney. If he is not financially able to employ an attorney of his own choice, it is the duty of the court to select a competent attorney for him at public expense whether he requests it or not. There can be no valid trial of a criminal case unless a defendant is represented by counsel, if he desires counsel.

1. Any prisoner who has been sentenced and committed to the Indiana State Prison, Indiana Women's Prison or the Indiana Reformatory, and has been released upon parole therefrom and while at large upon such parole said prisoner shall commit another crime and upon conviction thereof shall be sentenced anew to one of the institutions named herein, said prisoner shall be subject to serve the second sentence after the first sentence is served or annulled and the second sentence is to commence from the termination of his or her liability upon the first or former sentence. Acts 1947, ch. 61, §1, p. 205, being §9-2250, Burns' 1942 Repl. (1953 Cum. Supp.).

*Bradley* v. *State; Taylor* v. *State* (1949), 227 Ind. 131, 84 N. E. 2d 580; *State* v. *Lindsey; State* v. *Carroll* (1952), 231 Ind. 126, 132, 106 N. E. 2d 230.

However, it is the further settled law in Indiana that the constitutional right to be represented by counsel is one that may be waived by an accused. *Hoelscher* v. *State* (1944), 223 Ind. 62, 57 N. E. 2d 770. (Cert. denied 325 U. S. 854, 65 S. Ct. 1087, 89 L. Ed. 1975); *Wood* v. *Howard,* 7 Cir. (1946), 157 F. 2d 807 (Cert. denied, 331 U. S. 814, 67 S. Ct. 1198, 91 L. Ed. 1832); *Gryger* v. *Burke* (1948), 334 U. S. 728, 68 S. Ct. 1256, 92 L. Ed. 1683.

In the case at bar, the following is a portion of the colloquy had between the trial judge and the defendant-appellee pursuant to Rule 1-11 of this court as appears from the transcript:

"Q. You are before the court charged by affidavit with the crime of uttering a forged check, and the crime is alleged to have been commited on the 12th day of October, 1951. The charge will later be read to you and you will be required to plead guilty or not guilty. Do you have an attorney?

"A. No, sir.

"Q. Do you have the money or means with which to hire an attorney?

"A. Well, I could get one but I don't think it's necessary.

"Q. Of course, you are entitled to have an attorney appointed for you if you do not have the money or means with which to employ one.

"A. I understand that.

"Q. Do you want an attorney appointed for you to represent you and counsel with you before you are arraigned?

"A. No, sir.

"JUDGE: Before reading the charge to you, I will advise you that it is a felony under the law and the penalty fixed by the Legis-

lature for this crime is a fine of not less than $10.00 nor more than $1,000.00 and imprisonment in the State Prison or Reformatory for a period of not less than 2 nor more than 14 years. The Constitution of the State of Indiana provides: 'In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have a compulsory process for obtaining witnesses in his favor.' No person, in any criminal prosecution, shall be compelled to testify against himself.

"Q. Do you wish a copy of the affidavit?

"A. Not necessarily.

"Q. Has any one made any promises to you or threatened you to induce you to plead guilty or not guilty at this time?

"A. No.

"Q. If you plead not guilty, you are entitled to a hearing and trial as quickly as can be arraigned (*sic*) without any unreasonable delay. Are you ready to be arraigned at this time?

"A. Yes, sir.

"JUDGE: Listen to the reading of the affidavit. (Prosecuting Attorney read affidavit.)

"Q. Do you fully understand the charge contained in that affidavit?

"A. Yes, sir.

"Q. The affidavit having been read to you, are you ready to plead at this time?

"A. I am.

"Q. How do you plead, guilty or not guilty?

"A. Guilty."

It has been held by this court that an accused who has freely and understandingly waived and refused the

services of an attorney need not be instructed ■ by the trial judge concerning all the intricacies of the criminal law, including the nature of and punishment for lesser offenses and possible defenses under every conceivable state of facts. *Hoelscher* v. *State, supra; Dearing* v. *State* (1951), 229 Ind. 131, 139, 95 N. E. 2d 832. It is required only that he be advised of the nature of the charge against him, the punishment for that specific offense, and his right to have an attorney to advise him concerning the law, if he so desires.

In the case at bar, the defendant-appellee in refusing counsel offered by the court, was advised by the court of the character and nature of the charge and the punishment therefor, that he would be required to plead guilty or not guilty, and that under the constitution he had the right to a public trial by an impartial jury. This was as far as the trial judge could be expected to go in advising the accused.

The fact that the defendant-appellee happened to be a parolee at the time of his arraignment so as to defer the running of his subsequent sentence until he ■ had served additional time under the first or former sentence, as provided by statute, was not a circumstance which the defendant-appellee could necessarily expect to be advised upon by the trial court in the case at bar.

Appellee had no right to expect the trial court to instruct him as to the intricacies of the law under every conceivable state of facts pertaining to his case. He cannot now, therefore, in *coram nobis*, complain that he did not receive a lecture from the court on the significance of the parole statutes.

The question raised in the briefs as to the propriety of special findings in this proceeding is not necessary

to our decision in view of the result we have reached in this opinion.

The judgment of the lower court is accordingly reversed with instructions to enter finding and judgment for the State of Indiana and against petitioner herein.

Judgment reversed.

Achor, Arterburn, and Bobbitt, JJ., concur.

Emmert, C. J., concurs with opinion.

### CONCURRING OPINION

EMMERT, C. J.—The issue presented is not primarily concerned with whether the prisoner waived his right to representation by counsel; but he does attempt to present the issue that his plea of guilty was not entered freely and understandingly. If it was not entered freely and understandingly a demurrer was properly overruled. *Eagle* v. *State* (1943), 221 Ind. 475, 48 N. E. 2d 811; *Kellums* v. *State* (1943), 221 Ind. 588, 50 N. E. 2d 662; *Adams* v. *State* (1951), 230 Ind. 53, 101 N. E. 2d 424; *Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742; *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 125 N. E. 773.

For several years I have been convinced that some of the broad language in *Hoelscher* v. *State* (1944), 223 Ind. 62, 57 N. E. 2d 770, no longer stated the law. The *Hoelscher* case, at page 69 of the official reports states that if a defendant waived the services of an attorney it was not necessary he be instructed concerning the nature and punishment for lesser offenses. The next sentence states, "It is required only that he be advised of the nature of the charge against him and his right to have an attorney to advise him concerning the law if he so desires." This case involved a charge of murder in the first degree and every law school student who has had a course in criminal law knows that in Indiana such a charge includes also the charge of murder in the

second degree and manslaughter. The statute on included offenses makes an indictment for murder in the first degree an indictment also for murder in the second degree, and manslaughter. It is within the power of the jury after a trial to return a verdict under such an indictment that the defendant is guilty of murder in the second degree or manslaughter. How can it be held logically that a defendant has been informed of the charge against him when he is only informed concerning the higher offense? If the indictment had been in three separate counts certainly this court could not hold that a defendant had understandingly made his plea if the court did not inform him of the nature of each of the three offenses and the penalty therefor and that a verdict of murder in the second degree would be an acquittal of murder in the first degree, and that a verdict of guilty of manslaughter would be an acquittal on the charges of murder in the first degree and murder in the second degree.

The record in the *Hoelscher* case discloses the prisoner was only nineteen years of age. No record was made pursuant to the present requirements of Rule 1-11. The order book recitals that the prisoner Hoelscher knew the nature and consequences of the crime of which he was charged were mere generalities not conclusive against the positive statement of facts in his petition.

When a prisoner is merely advised that he has a constitutional right to a trial by jury without more, he is not thereby sufficiently informed to enter his plea knowingly and understandingly. The law on included offenses has been in the books so long and is so well understood that it can hardly be said it is one of the "intricacies" of the law. It seems to me that the opinion by Mr. Justice Black in *Von Moltke* v. *Gillies* (1948), 332 U. S. 708, 68 S. Ct. 316, 92 L. Ed. 309, correctly laid down the test for a plea of guilty to be made

understandingly, as follows: "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."

But in the appeal at bar I concur in the reversal of the judgment for the reason that the proceedings had under Rule 1-11 show he was informed of the amount of fine and term of imprisonment for the plea of guilty on the charge of forgery. What the prisoner complains about is the failure of the court on its own motion to inform him when the forgery judgment would begin to be served. The prisoner made no request on this, and he knew he was on parole and had violated it. I know of no precedent which requires a trial court on his own motion to instruct a prisoner as to when he shall begin to serve his sentence. If the prisoner had asked, and the court had misinformed him, a different question would be presented. The fact that the prisoner may have been under misapprehension as to the effect of the parole statutes did not make the plea voidable.

Therefore, I concur in the reversal of the judgment.

NOTE.—Reported in 130 N. E. 2d 226.