**Edwin W. BLINN, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 4-682A136.**

Court of Appeals of Indiana,
Third District.

Oct. 27, 1982.

---

Christopher C. Myers, Wilks & Kimbrough, Fort Wayne, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

Edwin W. Blinn appeals his conviction for battery, a class B misdemeanor.[1] Appellant primarily contends that he was denied his constitutional right to assistance of counsel.[2]

The record reveals that when appellant was arraigned on October 2, 1981, he was advised in part as follows:

"You have the right to be represented by a lawyer and have the case against you continued or postponed for a reasonable time to obtain the services of a lawyer or otherwise prepare your defense. If you cannot afford a lawyer and you request, the Court may appoint one for you at public expense." *Record* at 13.

Appellant subsequently entered a plea of not guilty, but did not request court-appointed counsel. Appellant did, however, claim that he did not have enough money to post his bond. Trial was then set for October 29, 1981.

On October 15, 1981, appellant filed pro se a motion for change of venue which was denied. The trial court also gave notice to appellant that trial would proceed on the scheduled date.[3] At trial on October 29,

---

1. IC 1971, 35-42-2-1 (Burns 1979 Repl.).

2. Appellant also raises issues regarding whether he was improperly denied a change of venue and whether he was prejudiced by the State's alleged non-compliance with a discovery order.

The disposition of the right to counsel issue makes it unnecessary to discuss these issues.

3. It further appears from the record that on October 26, 1981, the State filed an amended criminal information reducing the charge against appellant from a class D felony to a class B misdemeanor. Arraignment and trial on this amended information was set for November 19, 1981. Trial was nevertheless held on the originally scheduled date of October 29,

1981, the following exchange took place prior to the presentation of the State's case:

"BY MR. BLINN: Your Honor, I would like to approach the bench.

"BY THE COURT: Alright [sic]. You may do so.

"BY MR. BLINN: Since this here charge has been changed and it has only been two days since I found out there was even any witnesses or time for discovery in this matter, I would like to ask for a continuance so I could get some counsel, and I have checked on some counsel, and the only available is way out of my price range. And I am asking for the county to furnish me with a lawyer.

"BY THE COURT: Okay. I'll show those on the record. I will deny the motion for continuance as well as the motion for pauper counsel. You may have a seat." *Record* at 39.

Appellant thereafter chose not to cross-examine witnesses or present a defense, stating that he felt unable to do so without court-appointed counsel. The trial court then found appellant guilty as charged.

In *Moore v. State* (1980), Ind., 401 N.E.2d 676, at 678–679, Justice Hunter noted that:

"There is no doubt that we are dealing here with one of the most fundamental of our constitutional guarantees. A defendant charged with a crime is guaranteed the right to be represented by counsel by Article 1, Section 13 of the Indiana Constitution and the Sixth and Fourteenth Amendments to the Constitution of the United States. *State v. Minton,* (1955) 234 Ind. 578, 130 N.E.2d 226; *Wilson v. State,* (1943) 222 Ind. 63, 51 N.E.2d 848. A failure to permit a defendant to have counsel amounts to a denial of due process, and there can be no valid criminal trial unless a defendant is represented by counsel if he desires counsel. *Fitzgerald v. State,* (1970) 254 Ind. 39, 257 N.E.2d 305; *State v. Minton, supra; DeFrisco v. State,* (1972) 153 Ind.App. 609, 288 N.E.2d 576.

"The guarantee of the right to be represented by counsel includes the right for an indigent defendant in a criminal prosecution to have counsel provided for him at state expense. *Pallett v. State,* (1978) [269] Ind. [396], 381 N.E.2d 452; *Swinehart v. State,* (1978) [268] Ind. [460], 376 N.E.2d 486. It is a judicial function to determine whether counsel shall be appointed at public expense, *Fulks v. State,* (1970) 255 Ind. 81, 262 N.E.2d 651, and this determination is within the sound discretion of the trial judge. *Hendryx v. State,* (1892) 130 Ind. 265, 29 N.E. 1131. While it is not possible to set specific monetary guidelines which would determine a defendant's indigency, there are several factors which must be considered. Since we are dealing with such a fundamental constitutional right, the record in each case must show that careful consideration commensurate with the right at stake has been given to the defendant. Although we find no Indiana cases which discuss what specific factors must be considered, these factors have been discussed by courts in other jurisdictions. *See,* Annot., 51 A.L.R.3d 1108 (1973).

"First, it appears clear that the defendant does not have to be totally without means to be entitled to counsel. If he legitimately lacks the financial resources to employ an attorney, without imposing substantial hardship on himself or his family, the court must appoint counsel to defend him. *Anaya v. Baker,* (10th Cir. 1970) 427 F.2d 73; *United States v. Cohen,* (8th Cir. 1969) 419 F.2d 1124; *State ex rel. Partain v. Oakley,* (1976) W.Va., 227 S.E.2d 314; *In re Smiley,* (1967) 66 Cal.2d 606, 58 Cal.Rptr. 579, 427 P.2d 179. *See also, Hardy v. United States,* (1964) 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331; American Bar Association Project on Minimum Standards for Criminal Justice, Approved Draft (1968), *Standards Relating to Providing Defense Services* § 6.1.

1981. No reason appears in the record therefore, but it appears that non-compliance with this re-set trial date may have hindered appellant's effort to obtain private counsel if he was so able.

"The determination as to the defendant's indigency is not to be made on a superficial examination of income and ownership of property but must be based on as thorough an examination of the defendant's total financial picture as is practical. The record must show that the determination of ability to pay includes a balancing of assets against liabilities and a consideration of the amount of the defendant's disposable income or other resources reasonably available to him after the payment of his fixed or certain obligations. *People v. Castile*, (1979) 71 Ill.App.3d 728, 28 Ill.Dec. 259, 390 N.E.2d 426; *Minniefield v. State*, (1972) 47 Ala.App. 699, 260 So.2d 607; *Morgan v. Rhay*, (1970) 78 Wash.2d 116, 470 P.2d 180. The fact that the defendant was able to post a bond is not determinative of his nonindigency but is only a factor to be considered. *People v. Castile, supra; Perryman v. State,* (Tex.Crim.App.1975) 519 S.W.2d 438. The court's duty to appoint competent counsel arises at any stage of the proceedings when the defendant's indigency causes him to be without the assistance of counsel. *State ex rel. Grecco v. Allen Circuit Court,* (1958) 238 Ind. 571, 153 N.E.2d 914; *State ex rel. Shorter v. Allen Superior Court,* (1973) 155 Ind.App. 269, 292 N.E.2d 286."

In *Mitchell v. State* (1981), Ind.App., 417 N.E.2d 364, at 369, Judge Neal further added that:

"The second aspect of the problem is presented when a criminal defendant elects to waive his right to counsel and represent himself in the proceedings. When he so chooses, the waiver of the right to the assistance of counsel must be shown to have been voluntarily made. *Johnson v. Zerbst,* (1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. It is the duty of the trial court to establish a record which shows that an accused who has elected to waive counsel and proceed pro se has done so voluntarily, knowingly, and intelligently. *Shelton v. State,* (1979) Ind.App., 390 N.E.2d 1048; *Faretta v. California,* (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. A serious and weighty responsibility is imposed upon the trial judge to determine whether there was an intelligent and competent waiver. The constitutional right of an accused to be represented by counsel invokes of itself the protection of the trial court. *Grubbs v. State,* (1970) 255 Ind. 411, 265 N.E.2d 40. To discharge the duty imposed, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. *Von Moltke v. Gillies,* (1948) 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309. A defendant must be made aware of the consequences of the choice he is making so that he makes his choice with his eyes wide open. Merely making the defendant aware of his constitutional right to counsel is insufficient. *Wallace v. State,* (1977) [172] Ind.App. [535], 361 N.E.2d 159. A strong presumption exists against waiver of the constitutional rights to counsel. *Von Moltke, supra.*"

The record in the instant cause reveals that the trial court made absolutely no inquiry into appellant's ability to retain private counsel. Neither can it be inferred that appellant intelligently waived his right to assistance of such counsel. While it appears that a cursory inquiry into appellant's financial status was conducted at a hearing on his motion to correct errors, such was wholly inadequate to protect his constitutional rights. A thorough examination of the facts and circumstances must be made by the court prior to compelling a defendant to proceed unassisted at trial. Hence the judgment of the trial court must be vacated and the cause remanded for a new trial.

Reversed and remanded.

GARRARD and STATON, JJ., concur.