## GATES *v*. STATE OF INDIANA.

[No. 30,217.  Filed June 28, 1962.  Rehearing denied
October 16, 1962.]

*Robert S. Baker,* Public Defender, and *Thomas A. Hoadley,* Deputy Public Defender, for appellant.

*Edwin K. Steers,* Attorney General and *Donald L. Adams,* Deputy Attorney General, for appellee.

BOBBITT, J.—This is an appeal from the denial of a writ of error coram nobis.

Two questions are presented for our consideration.

1. Was petitioner-appellant properly advised of his right to counsel?

2. Did he enter a plea of guilty knowingly and understandingly?

In a petition for writ of error coram nobis the burden is upon the petitioner to sustain the allega-

tions in his petition and establish facts which, if known to the court, would have prevented the entry of a judgment against him. *State ex rel. Emmert* v. *Gentry* (1945), 223 Ind. 535, 538, 62 N. E. 2d 860, 161 A. L. R. 532; *State ex rel. Barnes* v. *Howard* (1946), 224 Ind. 107, 110, 65 N. E. 2d 55.

*First*: The evidence in the record here discloses that petitioner-appellant was, at three different times, advised by the court of his right to counsel with an attorney if he so desired.

At appellant's arraignment on June 3, 1957, appellant, when asked, "Would you like to talk to an attorney?" replied, "I would like to talk to the parole officer." The judge then replied, "You understand you have a right to have a trial and have the witnesses brought in and you are entitled to the services of an attorney at that trial. You wish to talk to the parole officer?" The appellant answered, "Yes."

The Parole Officer, in an affidavit filed as evidence in the hearing on the petition for writ of error coram nobis, stated that, "Affiant further states that James Gates stated that he did not have money to obtain an attorney, and he was advised by the Court that the Court would appoint him an attorney if he so desired." It is further stated in such affidavit, "Affiant further states that Mr. Gates informed the court that he did not desire an attorney, but requested to talk to the Parole Officer, namely, this affiant."

While it is true that it was the court's duty to advise appellant that he was entitled to counsel, the court could not compel him to accept counsel against his will, if he did not desire to have one appointed. *Chandler* v. *State* (1949), 226 Ind. 648, 652, 83 N. E. 2d 189.

In our judgment the evidence in the record here is sufficient to support the finding of the trial court on the question of whether or not appellant was advised that he was entitled to counsel.

Appellant further asserts that he was induced to enter his plea of guilty by a promise from the Probation Officer that if he plead guilty he would receive a sentence of not more than six months. This assertion is denied by the Probation Officer Davis as attested by his affidavit which is a part of the evidence in the record. Had the evidence here been undisputed that the Probation Officer had advised appellant that he would receive a six months' sentence, the court would in no way have been bound thereby. *Mahoney* v. *State* (1926), 197 Ind. 335, 341-342, 149 N. E. 444.

*Second*: An examination of the record here discloses that appellant was advised that he was charged with obtaining money under false pretenses under a chattel mortgage from the Irwin Union Bank & Trust Company in the amount of $200. When asked if he understood the charge he replied, "Yes, I understand what the charge is." The penalty provided by statute was read to appellant and he was advised of his right to have a trial and have witnesses brought in, and that he had a right to the services of an attorney. Appellant had been in court as a defendant on a prior occasion. After being advised by the court, as above stated, appellant replied that he understood what the charge and penalty therefor was, and that he desired to enter a plea of guilty.

At the hearing on the petition for writ, the trial judge took the stand as a witness for the State and testified, *inter alia,* that he asked appellant-Gates if he was a pauper and informed him that he had a right

to talk to an attorney, at public expense; and because he had talked with the appellant face to face, and had heard his answers and observed the expression on his face, it was his (the court) opinion that he (appellant) knew what he was doing, and when appellant said he wanted to plead guilty, the court accepted his plea.

A question similar to that here under consideration was before this court in *Hoelscher* v. *State* (1944), 223 Ind. 62, 57 N. E. 2d 770, and at pages 68-69 of 223 Ind. this court said:

> "Appellant says that it does not appear that he intelligently and understandingly waived his constitutional right to a trial by jury and to be represented by counsel. This is a question of fact to be determined primarily by the trial court, and unless we can say that upon the evidence there can be no reasonable difference of opinion, the decision of the trial court must stand. We must consider not only the printed words, but the reasonable inferences which might be drawn by the trial court from the judge's observation of the appellant at the time he accepted the plea. The law requires an intelligent and understanding waiver of constitutional rights. No special form of words is required. The intelligence and understanding of the appellant might be as clearly indicated by his manner and appearance as by the actual words used in his conversation with the trial judge."

It was the duty of the trial court here to make a reasonable inquiry into the facts to discover whether a plea of guilty was entered freely and understandingly. *Dearing* v. *State* (1951), 229 Ind. 131, 139, 95 N. E. 2d 832.

"Conflicts in the evidence are to be resolved in favor of the decision of the trial judge who saw

and heard the witnesses and had personal knowledge of the prior proceedings when the plea of guilty was accepted." *Eagle* v. *State* (1944), 221 Ind. 475, 476, 48 N. E. 2d 811.

An accused who has freely and understandingly waived and refused the services of an attorney need not be instructed by the trial judge concerning all of the intricacies of the criminal law. It is enough if the defendant is "advised of the nature of the charge against him, the punishment for that specific offense, and his right to have an attorney to advise him concerning the law, if he so desires." *State* v. *Minton* (1955), 234 Ind. 578, 584, 130 N. E. 2d 226; *Hoelscher* v. *State, supra.*

In the present case, as was the defendant in the Minton case, appellant, in refusing counsel offered by the court, was advised of the character and nature of the charge and the punishment therefor, that he had the right to a public trial and to have witnesses brought in, and that he would be required to plead guilty or not guilty. When appellant was asked if he knew with what he was charged, he answered, "Yes, I understand what the charge is." Under the circumstances in this case, we think this was sufficient to advise appellant of his constitutional rights.

Appellant has failed to allege and prove that he did not know, at the time of his trial, that he was entitled to counsel to represent him at public expense, and there is no showing in the record that he was financially unable to employ an attorney.

Appellant has failed to sustain his burden of proof, and the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C. J., Jackson, Landis and Achor, JJ., concur.

NOTE.—Reported in 183 N. E. 2d 601.