GENE PLACENCIA *v.* STATE OF INDIANA.

[No. 1070S230.  Filed April 21, 1971.  No petition for rehearing filed.]

*Daniel A. Roby,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was charged by affidavit with the offense of aggravated assault and battery. Following appellant's plea of not guilty, a trial by jury was had and appellant was found guilty of simple assault and battery; a one thousand dollar ($1,000) fine was imposed and appellant was sentenced to the Indiana State Farm for a period of six [6] months.

The grounds asserted in appellant's motion to correct errors are as follows:

"1. That the Court erred in failing to provide defendant with an attorney upon defendant's request.

2. That the Court erred in allowing the defendant to proceed with a jury trial on a felony charge without the benefit of legal counsel.

3. That the Court erred in refusing to grant defendant a continuance for the purpose of securing legal counsel."

The facts that gave rise to the grounds urged as error may be briefly summarized as follows. On June 23, 1969, appellant appeared in person and without counsel for arraignment on the above named charge. Arraignment proceeded to the point where the appellant was asked if he was represented by counsel; upon appellant's statement that he had secured counsel who was unable to be present and with whom he had been unable to confer, arraignment was continued. On August 5, 1969, arraignment was re-commenced, appellant again appearing without counsel. At that time, appellant requested the appointment of counsel at public expense; a hearing upon the request was immediately had and the court determined that appellant was not an indigent. His request for appointment of counsel at public expense was therefore denied and arraign-

ment continued, giving appellant time in which to secure legal assistance at his own expense.

On February 13, 1970, appellant again appeared without counsel for purposes of arraignment. Upon being advised of his rights, including his right to be represented by counsel, appellant informed the court that he wished to proceed without benefit of counsel, that he understood the nature of the charges against him, that he had in no way been induced to plead either guilty or not-guilty and that he, in fact, wished to plead not-guilty. Appellant also requested that he be tried by jury.

The cause was set for trial on May 13, 1970, and on that date appellant appeared unaccompanied by trial counsel. Once again he was advised of his right to be represented by counsel but he stated to the court that he desired to proceed without the benefit of legal assistance. A jury was sworn and the trial commenced. During the state's presentation of its case in chief, appellant requested a continuance for the purpose of consulting a lawyer indicating that he had gotten in "over his head". The request was denied and appellant was ultimately found guilty of simple assault and battery; this appeal follows.

A criminal defendant's right to be represented by counsel at trial where he so desires has long been recognized and studiously preserved. *Fitzgerald* v. *State* (1970), 254 Ind. 39, 257 N. E. 2d 305; *State* v. *Minton* (1955), 234 Ind. 578, 130 N. E. 2d 226; *Hoy* v. *State* (1947), 225 Ind. 428, 75 N. E. 2d 915. It has also been recognized, however, that one may waive his constitutional right to be represented by counsel. *Carter* v. *State* (1963), 243 Ind. 584, 187 N. E. 2d 482; *State* v. *Minton, supra; Todd* v. *State* (1948), 226 Ind. 496, 81 N. E. 2d 530. Further, it has been said that an accused cannot be compelled to accept the appointment of counsel against his will. *Gates* v. *State* (1962), 243 Ind. 325, 183 N. E. 2d 601; *Page* v. *State* (1956), 235 Ind. 628, 137 N. E. 2d 405; *Chandler* v. *State* (1949), 226 Ind. 648, 83 N. E.

2d 189. From the foregoing it would follow that the trial court, after having expressly advised an accused of his right to counsel and having been informed by the accused that he wishes to proceed pro se, that decision appearing to have been knowingly, voluntarily and intelligently made, would be entitled to proceed with trial. In such a case the accused must take the consequences of his own deliberate act and is presumed to accept the burden and hazards incident to his position. See, *Franklin* v. *State* (1955), 234 Ind. 418, 126 N. E. 2d 768; *Blanton* v. *State* (1951), 229 Ind. 701, 98 N. E. 2d 186.

Here the appellant was advised on several occasions that he had the right to be assisted by trial counsel; nevertheless he chose to proceed pro se. In such a situation it is reasonable to presume that the implications and consequences have been considered by the accused and that his decision is a conscious election to assume the risks incident to a trial conducted without benefit of counsel. One such risk clearly is the development of circumstances with which the accused will be incapable of coping. Nevertheless he has made a decision which we feel can reasonably be construed to be binding throughout the course of the trial.

What we have said should not be interpreted as *precluding* the trial judge, in an exercise of his discretion, from allowing an accused a continuance where the delay can reasonably be accommodated. To say that he must, however, is to give unwarranted control over the trial to one accused and to subject criminal proceedings to the possibilities of needless frustration and abuse. Here a jury had been sworn, evidence taken and valuable judicial time consumed upon appellant's representation that he would handle his own defense. To allow appellant, at that point, time in which to consult or retain counsel is an unjustified indulgence at the expense of judge, prosecutor, jury and attending witnesses, all of which could be avoided were appellant to merely indicate at the outset his wish to have assistance of counsel.

Appellant relies upon both *Fitzgerald* v. *State, supra,* and

*Grubbs* v. *State* (1970), 255 Ind. 411, 265 N. E. 2d 40 in support of his argument. *Fitzgerald* is distinguishable, nevertheless, for in that case the defendant indicated *at the outset* that he did not wish to proceed without the aid of an attorney. There was no waiver of the right and the court's action in proceeding was deemed reversible error. In contrast, appellant here has made an election and the trial was commenced in reliance thereon.

Likewise we see no support for appellant's position in the holding of the *Grubbs* case. It was there said:

> "When a judge sits on the trial of a criminal case in which the defendant has chosen to be his own lawyer, he must be especially acute and vigilant in governing the conduct of counsel and witnesses, in order to insure that it does not jump the tract (sic) and become an inquisition in which the sole end sought is conviction rather than a decision based upon lawful evidence." *Grubbs* v. *State, supra,* 255 Ind. at 416, 265 N. E. 2d at 44.

Appellant has made no reference to any aspect of his trial thought to be erroneous and we are therefore unable to say that the trial judge failed in his duty to see that the proceedings were properly conducted. Rather appellant's contentions relate solely to alleged error committed by virtue of the fact that he was not allowed time in which to retain counsel once his desire for representation was made known.

For the foregoing reasons, the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 613.