378 N.E.2d 872 (1978)
James Henry RUSSELL, Defendant-Appellant,
v.
STATE of Indiana, Plaintiff-Appellee.
No. 3-676A129.
Court of Appeals of Indiana, Third District.
July 27, 1978.
Rehearing Denied September 1, 1978.
*874 Paul T. Cholis, South Bend, for defendant-appellant.
Theodore L. Sendak, Atty. Gen., Susan J. Davis, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.
HOFFMAN, Judge.
Defendant-appellant James Henry Russell appeals from his conviction of second-degree burglary pursuant to IC 1971, XX-XX-X-X (Burns Code Ed.), on grounds that the trial court erred in refusing to grant his request to proceed pro se and because the evidence was allegedly insufficient as a matter of law to support the verdict of the jury.
The record reveals the following evidence most favorable to the State. On July 31, 1975, the appellant had attempted to find employment at Hoffman's Auto Painting in South Bend, Indiana. After completing his application form he noticed cash being delivered to the establishment. Later that day, Russell disclosed this information to an acquaintance, John La Flora, commenting that he had observed enough money to reestablish a political paper he had worked on.
Then at approximately 10:00 P.M. the same day, Police Officer Medich received a radio dispatch that a burglary was in progress at Hoffman's Auto Painting. Upon his arrival at the scene he observed through a front window someone looking up from behind a desk. Other police officers were simultaneously called to the building. They began a search of an outside back stairwell which led them to a basement boiler room and to the discovery of John La Flora. La Flora was identified as the individual previously observed behind the desk. Another police officer searching the room with the broken window found a pair of gloves on the window sill. This caused him to return to the exterior to *875 search whereupon he saw Russell directly below the broken window behind some bushes lying in the weeds. With the arrival of the proprietor, Russell was identified as having been the one seeking employment earlier in the day. The proprietor accompanied by police then took notice that the desk drawers were open, the cash box removed and damaged and that a crowbar was lying nearby.
On August 4, 1975, after being taken into custody, the appellant made his first appearance without counsel. The trial court found Russell indigent, continued the cause and appointed the public defender to his defense. After several continuances of his arraignment Russell pleaded not guilty. Thereafter appellant was released without bond on his own recognizance. The cause was then assigned a specific judge.
On the morning of trial, December 18, 1975, before any of the veniremen had been impaneled as jurors, appellant made his request to proceed pro se. Russell stated that he had a good grasp of his case, that he was competent to defend himself and that his attorney had had very little contact with him. However, the trial court denied Russell's request and the proceedings were had with the aid of the originally appointed counsel.[1]
On appeal Russell first asserts that the trial court denied him his Sixth Amendment right to self-representation. Reliance is placed on Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, which is said to be distinguishable from the case at bar only because of Faretta's more timely request to proceed pro se. In that case the trial court had granted defendant's request to represent himself upon his showing of a knowing and intelligent waiver of court-appointed counsel. Thereafter the trial court changed its ruling and revoked its grant, because of defendant's demonstrated lack of knowledge concerning the intricacies of evidence and procedure which were thought necessary to self-representation. On appeal the United States Supreme Court reversed holding that a State may not force a lawyer upon one who insists on conducting his own defense regardless of his legal inexperience so long as he had demonstrated a knowing waiver or his right to counsel. Faretta v. California, supra.
However, the granting of a request pursuant to a Faretta right is not without complication and therefore merits discussion as to appropriate application in the case at bar.
The Sixth Amendment appears to embody two antithetical rights.[2]Wallace *876 v. State (1977), Ind. App., 361 N.E.2d 159 (transfer denied). A criminal defendant has an absolute right to the assistance of competent counsel. Argersinger v. Hamlin (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530; Gideon v. Wainwright (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Fitzgerald v. State (1970), 254 Ind. 39, 257 N.E.2d 305; State v. Minton (1955), 234 Ind. 578, 130 N.E.2d 226. He also has the independent right to forego the aid of counsel and represent himself. Faretta v. California, supra, n. 15, 422 U.S. at 2533, 95 S.Ct. 2525; Placencia v. State (1971), 256 Ind. 314, 268 N.E.2d 613. Moreover, in most instances in order to assert one of these rights the accused must apparently relinquish the other. Wallace v. State, supra; Cf.: Singer v. United States (1965), 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630.
Drawn into question with this mutual exclusiveness is whether the furtherance of procedural due process engendered in those cases requiring counsel can be reconciled with the "inestimable worth of free choice" heralded by Faretta in a manner resolving the case at bar with a procedure insuring the orderly administration of justice.
It is clear that a defendant has a practical need for a lawyer. This is eloquently expressed in Powell v. State of Alabama (1932), 287 U.S. 45, at 69, 53 S.Ct. 55, 64, 77 L.Ed. 158:
"Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect. If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense."
Furthermore, a potential exists that without representation a defendant left to his own defense may, by his inability, preclude the semblance of fairness expected by society in the adjudication of a criminal case. See: Singer v. United States, supra.
Indiana has long recognized these concerns and has studiously preserved defendant's right to counsel if he desires one as a prerequisite to a fair trial. Placencia v. State, supra, 256 Ind. 314, 268 N.E.2d 613; Fitzgerald v. State, supra; State v. Minton, supra.
Yet it has also been recognized in this State that an accused cannot be compelled to accept the appointment of counsel against his will. Placencia v. State, supra; Gates v. State (1962), 243 Ind. 325, 183 N.E.2d 601; Page v. State (1956), 235 Ind. 628, 137 N.E.2d 405. Similarly, in Adams v. United States ex rel. McCann (1942), 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, Justice Frankfurter acknowledges this correlative right, stating:
"But the Constitution does not force a lawyer upon a defendant. He may waive his Constitutional right to assistance of counsel if he knows what he is doing and his choice is made with eyes open."
(317 U.S. at 279, 63 S.Ct. at 242, 87 L.Ed. at 288.)
While the majority opinion in Faretta v. California, supra, uses a Sixth Amendment rationale, its primary concern is with the same correlative considerations announced in Adams and later in Carter v. People of State of Illinois (1946), 329 U.S. 173, 67 S.Ct. 216, 218 L.Ed. 172. Therefore it is implied that a fair trial will not necessarily *877 be achieved when counsel is forced upon a defendant who has "knowingly and intelligently" waived such assistance since appointed counsel may well be unable to perform an adequate job if the defendant is uncooperative and their relationship characterized by distrust. Likewise it is considered unlikely that forcing counsel on an unwilling defendant will make him feel as though he had a fair trial. As stated in United States v. Dougherty (1972), 154 U.S. App.D.C. 76, 91, 473 F.2d 1113, at 1128:
"In guaranteeing counsel for the accused, the Sixth Amendment conferred a right for the benefit of the accused. As implemented by Congress, this right is not an imperative requirement that may be thrust upon him when in his judgment, as a person without impaired mental capacity, it is against his interest. Even if the defendant will likely lose the case anyway, he has the right  as he suffers whatever consequences there may be  to the knowledge that it was the claim that he put forward that was considered and rejected, and to the knowledge that in our free society, devoted to the ideal of individual worth, he was not deprived of his free will to make his own choice, in his hour of trial, to handle his own case." (Footnote omitted.)
In this context, the Supreme Court when faced with the competing considerations of two apparently antithetical Sixth Amendment rights, acknowledged in Faretta that the right to proceed pro se is in fact not absolute and is dependent upon certain due process requirements.
First, citing with approval Johnson v. Zerbst (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, and Von Moltke v. Gillies (1948), 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, the court set as a condition that a defendant make a knowing and intelligent waiver of his right to counsel before he can assert his right to proceed pro se.
In Faretta v. California, supra, at 835 of 422 U.S., at 2541 of 95 S.Ct., the court stated:
"When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason in order to represent himself, the accused must `knowingly and intelligently' forgo those relinquished benefits.... Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.'"
This requirement shows the underlying due process concern in which the knowing waiver is an attempt to assuage the previously noted criticism inherent in self-representation viz., that to proceed pro se may well be to invite a denial of those elements of fairness which only the assistance of competent counsel can provide. Accordingly the requirement of a Johnson waiver becomes akin to that waiver of trial an accused makes in entering a guilty plea insofar as it is a precondition to the court's acceptance of a defendant's exercise of the right and precludes any subsequent argument concerning the adequacy of his pro se defense. See: Santobello v. New York (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; 37 Ohio State Law Journal 220 (1976).
Under such circumstances, the question of whether a knowing and intelligent waiver has been made becomes critical. As stated in Von Moltke v. Gillies, supra, at 723-24 of 332 U.S., at 323 of 68 S.Ct.:
"We have said: `The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused  whose life or liberty is at stake  is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly *878 as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." (Footnotes omitted.)
Second, once having made a knowing and intelligent waiver the defendant's request to proceed pro se must be unequivocal. The defendant cannot be allowed to continually reimpose the question of which path he will take. United States ex rel. Maldonado v. Denno (2d Cir.1965), 348 F.2d 12. Furthermore, the defendant cannot be indulged the complaint of ineffective assistance of counsel once having made the choice. Faretta v. California, supra, n. 46, 422 U.S. at 2541, n. 46, 95 S.Ct. 2525.
Because of this requirement that a defendant's choice be unequivocal, it is clear that the timeliness of the request to proceed pro se is also important. See: Sapienza v. Vincent (2d Cir.1976), 534 F.2d 1007. A pretrial motion to proceed pro se in contrast to a midtrial motion serves the function of focusing on whether the defendant has in fact already accepted the services of counsel as opposed to representing himself. Otherwise a defendant's use of counsel during the proceedings preliminary to trial could in certain context be construed as a desire not to waive counsel. Furthermore, with an "either or decision" regarding his Sixth Amendment rights the mere desire to influence trial tactics after trial has begun, could deteriorate into an unwitting discharge of counsel absent the restraint of appropriate trial court discretion. The court in United States ex rel. Maldonado v. Denno, supra, recognized the importance of timely decisiveness in a defendant's request to proceed pro se, holding:
"The right of a defendant in a criminal case to act as his own lawyer is unqualified if invoked prior to the start of trial. [Citations.] Once the trial has begun with the defendant represented by counsel, however, his right thereafter to discharge his lawyer and to represent himself is sharply curtailed. There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance." (348 F.2d at 15.)
The Faretta court implicitly considered as a factor determinative of its reversal, this timeliness of the defendant's motion, stating that "weeks before trial, Faretta clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel." Faretta v. California, supra, at 835 of 422 U.S., at 2541 of 95 S.Ct.
A third discernable condition relating to the defendant's continuing request to proceed pro se involves the relinquishment of the right upon obstreperous behavior. Since self-representation rests upon an implied presumption that the court will be able to achieve reasonable cooperation, abusive behavior can become sufficient to constitute a waiver of the right. United States v. Dougherty, supra (1972), 154 U.S.App. D.C. 76, 473 F.2d 1113, 1124. The State beyond the protection of the accused has an interest in the orderly process of trial. As stated in Illinois v. Allen (1970), 397 U.S. 337, at 346, 90 S.Ct. 1057, at 1062:
"But our courts, palladiums of liberty as they are, cannot be treated disrespectfully with impunity. Nor can the accused be permitted by his disruptive conduct indefinitely to avoid being tried on the charges brought against him. It would *879 degrade our country and our judicial system to permit our courts to be bullied, insulted, and humiliated and their orderly progress thwarted and obstructed by defendants brought before them charged with crimes."
Furthermore, the trial judge cannot by subterfuge be placed in a position in which he is made to appear arbitrary with the defendant's rights. See generally: United States v. McMann (2d Cir.1967), 386 F.2d 611. Clearly then a criminal defendant who engaged in deliberate disruptions of the proceedings can have his pro se defense terminated. Faretta's command is that at times the dignity of the courtroom must stand above even the defendant's constitutional rights. Faretta v. California, supra.
Realizing the applicability of Faretta to the States through the Fourteenth Amendment and in consideration of similar rights construed under the Constitution of Indiana, one's right to proceed pro se must only be allowed within the following framework.
In order to invoke the right of self-representation a criminal defendant must make an unequivocal assertion thereof within a reasonable time before the commencement of trial. German v. State (1978) Ind., 373 N.E.2d 880; United States ex rel. Maldonado v. Denno, supra; See generally: Fitzgerald v. State, supra (1970), 254 Ind. 39, 257 N.E.2d 305. After this assertion the trial court must inquire into the factors underlying the request in order to ascertain that the defendant knowingly and intelligently waived his right to counsel. Faretta v. California, supra; See: Von Moltke v. Gillies, supra. Respecting the dangers and disadvantages of foregoing counsel he must be made aware that pretrial proceedings are potentially available, that rules for permitted procedure and the proper presentation of evidence exist, and that the failure to take the proper action at the proper time may result in his being precluded from presenting some matter of defense perhaps later depriving him of any potential review for error if he is convicted.
Once the trial has commenced and the defendant has accepted representation up until that time, his right to proceed pro se will no longer be absolute but instead will be subject to the discretion of the trial judge. Sapienza v. Vincent, supra (2d Cir.1976), 534 F.2d 1007; United States v. Dougherty, supra (1972), 154 U.S.App.D.C. 76, 473 F.2d 1113; Bradberry v. State (1977), Ind., 364 N.E.2d 1183; See also: People v. Windham (1977), 19 Cal.3d 121, 137 Cal. Rptr. 8, 560 P.2d 1187; Placencia v. State, supra.
In the case at bar, there is no record of the arraignment proceedings. However it is clear from the subsequent record that appellant accepted his court appointed counsel at that time and made no expression of his desire to proceed pro se. Instead it was not until the first day of trial that Russell asked that he be permitted to represent himself. The trial court correctly responded that the request was untimely and that Russell had not previously expressed his desire to the court.
As noted, timeliness can be considered in the evaluation of a defendant's knowing waiver of counsel or in his equivocation in the decision to proceed pro se. Thus while Faretta v. California, supra, does not contemplate an automatic rejection of the right to self-representation where the defendant's motion is made after trial has begun, consideration must nevertheless be given to the trial court's discretion in evaluating the reasons for the request, the length and stage of the proceedings, the disruptions or delay which might reasonably be expected to follow the granting of the request and the demonstrated quality of counsel's representation previous to the request. See also: Placencia v. State, supra.
Under the circumstances herein, the trial court in the exercise of its discretion could have properly refused to allow the accused to dispense with counsel or seek a continuance to employ new counsel when no displeasure had been expressed with court-appointed counsel and no request to proceed pro se had been entered before trial. With no abuse of such discretion having been *880 demonstrated in the case at bar, appellant's self-representation argument must fail.
Appellant's second assertion challenging the sufficiency of the evidence focuses on the alleged failure of proof concerning his involvement with the burglary. However, the record discloses that when police officers responded to a dispatch that a burglary was in progress at Hoffman's Auto Painting they discovered inside opened desk drawers, a petty cash box with pry marks on it, a crow bar lying nearby and a pair of gloves on the sill of a broken window. Russell was discovered lying two feet beneath this broken window in some bushes. Further evidence disclosed that Russell's immediate explanation for his presence there, after climbing a chain link fence, was contradicted by his own subsequent remarks, that he had previously been in possession of the gloves found on the window sill and had remarked on the availability of the money to another suspect arrested simultaneously on the premises.
It has been held that a conviction may be sustained upon circumstantial evidence alone as long as the evidence is of such probative value that a reasonable inference of guilt may be drawn therefrom. Gregory v. State (1972), 259 Ind. 295, 286 N.E.2d 666. A conviction which rests in whole or in part upon such evidence will not be reversed unless this Court can state as a matter of law that reasonable persons, whether they be the jury or the trial court, could not form inferences with regard to each material element of the offense so as to ascertain a defendant's guilt beyond a reasonable doubt. Guyton v. State (1973), 157 Ind. App. 59, 299 N.E.2d 233. Appellant has failed to overcome this standard there being ample evidence in the record to support the verdict for his conviction. See: Boyd v. State (1977), Ind. App., 370 N.E.2d 939.
Accordingly, the judgment of the trial court must be affirmed.
Judgment affirmed.
GARRARD, P.J., concurs with opinion.
STATON, J., concurs in part; dissents in part with opinion.
GARRARD, Judge, concurring.
In this case, we are asked to pass upon certain ramifications of a criminal defendant's right to proceed pro se pursuant to the decision in Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562.
We have not been furnished a transcript of the arraignment proceedings or argument concerning the original appointment of counsel to represent Russell. Accordingly, we are unable to determine what advice Russell was given or how his trial counsel was secured. However, on the morning trial was to commence Russell requested that he be permitted to represent himself. It was disclosed that Russell had acted pro se in a prior prosecution. The court denied the request but advised Russell that during the trial if Russell felt something had not been fully covered a recess could be taken at his request, and the court would consider any questions Russell wished to ask. It appears that no such requests were made by Russell during the course of the trial. The jury convicted him. He asserts no lack of competence on the part of trial counsel. He does assign the denial of his request to represent himself as error.
In Faretta the Supreme Court held that a trial court committed reversible error when it revoked permission it had previously granted to allow Faretta to represent himself. A majority of the Court held the right to proceed without counsel was a correlative of the right under the Sixth Amendment "to have the Assistance of Counsel for his defense."[1]
*881 The Faretta majority recognized the many dangers to the would-be pro se defendant and the propriety of holding him to the effect of the legal errors he might commit. The Court held, however, that such risks, as well as the general power of the courts to control the orderly administration of their business, must at some point give way to the "respect for the individual [and individual choice] which is the life-blood of the law." To temper the potentially grave results of this recognition the Court did state,
"... [H]e [the defendant] should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.'" 422 U.S. 835, 95 S.Ct. 2541, 45 L.Ed.2d 582.
The principal dilemma, well recognized in the opinion, is the the one between freedom of choice and the ability of a court to discharge its justice function. As Mr. Chief Justice Burger commented in his dissent,
"The fact of the matter is that in all but an extraordinarily small number of cases an accused will lose whatever defense he may have if he undertakes to conduct the trial himself." 422 U.S. 838, 95 S.Ct. 2543, 45 L.Ed.2d 583.
Perhaps Faretta may be read as appropriate only to the rare case of an accused who eschews all contact with counsel. Again, it might be accorded broad practical application with the state smiling quietly over its price of caveat emptor. It appears that either of these views do little to advance justice or its perception.[2] The instances where an accused will refuse vigorous capable counsel in favor of his own freedom or expertise would appear to be rare indeed. What does occur, and does have a substantial impact upon our present criminal justice system, are numerous cases where an accused disagrees with his attorney's strategy, tactics or form of presentation. Proliferate claims of ineffective assistance of counsel provide ample evidence of the problem.[3]
Accordingly, in considering the ramifications of Faretta and the context in which, as a practical matter, they are most likely to be urged for appellate consideration, I would establish the following guidelines.
1. The court may not advise an accused that he must be represented by an attorney, or compel him to accept representation by counsel. This is in keeping with our prior law. See Gates v. State (1962), 243 Ind. 325, 183 N.E.2d 601; Chandler v. State (1949), 226 Ind. 648, 83 N.E.2d 189.
2. At the arraignment and for the sake of clarity and understanding, in addition to giving express advice of the right to counsel the court should advise the accused of his right to forego counsel. However, because the right to self representation is implicit in and a correlative of the right to be represented by counsel, a court will not commit reversible error over the mere failure to expressly advise a defendant of his right to proceed pro se.[4] Where the court has not told a defendant that he must have *882 counsel, the potential availability of the pro se right is sufficiently evident that we need not require express on-the-record advisement under the concerns discussed in Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and similar cases. In this context it should be noted that the operative significance of the right occurs not in guilty plea proceedings where a defendant is foregoing his other constitutional protections. Instead, its significance arises when he desires to plead not guilty and proceed to trial.[5] Moreover, it appears that the incidence of requests from those who simply desire no assistance from counsel will be so small that the penalty of setting aside an otherwise fairly tried case for the mere failure to advise the accused of his right to proceed without counsel would be disproportionate to the legitimate benefit to be derived.
3. If the defendant expresses to the court interest in representing himself or hesitance at accepting counsel then, and only then, the court must advise him both of the right to act without counsel and of the dangers and disadvantages of self representation so that his choice will be an informed one. Compare, e.g., Lewis v. State (1972), 259 Ind. 431, 288 N.E.2d 138; Haynes v. State (1973), 155 Ind. App. 472, 293 N.E.2d 204 concerning an intelligent waiver of right to counsel.
For an accused to make an informed election he must be aware of the nature of the charges against him and the range of punishment for the offense. Gates v. State (1962), 243 Ind. 325, 183 N.E.2d 601. Where appropriate, he should be advised of any necessarily included offenses to the one charged and the penalties therefor as well as any patent defenses. Carter v. State (1963), 243 Ind. 584, 187 N.E.2d 482; see, also, U.S. v. Gaines (N.D.Ind., 1976), 416 F. Supp. 1047. Respecting the dangers and disadvantages of foregoing counsel he must be aware that pretrial proceedings are potentially available, that rules for permitted procedure and the proper presentation of evidence exist, and that the failure to take the proper action at the proper time may result in him being precluded from presenting some matter of defense and/or depriving him of any potential review for error if he is convicted. In other words, what must be meaningfully conveyed is the information to provide an overall appreciation of the danger or disadvantage in proceeding without counsel. If this is done, the defendant's decision is an informed one, whether or not he was advised of or understood the particular techniques applicable to the actual prosecution. Cf. Gates v. State, supra; State v. Minton (1955), 234 Ind. 578, 130 N.E.2d 226.
4. Regardless of the election made, the defendant should be advised that if he becomes dissatisfied with the representation he is receiving (or with his ability to defend himself) he should so advise the court at his first opportunity. When such complaints are made the court must inquire into the reasons therefor, and if necessary, conduct a hearing to resolve factual issues. Compare, Dearman v. State (1974), Ind. App., 315 N.E.2d 405 holding it not an abuse of discretion to deny a hearing on the facts present, with cases such as Hanrahan v. State (1968), 251 Ind. 325, 241 N.E.2d 143 or McDaniel v. McDaniel (1964), 245 Ind. 551, 201 N.E.2d 215 which address the necessity for the court to consider the relevant facts and circumstances in order to exercise its discretion.
However, once an accused has elected to proceed with or without counsel, any request to alter that decision is committed to the sound discretion of the trial court and appellate review is limited to ascertaining whether the defendant has established an abuse of discretion. Bradberry v. State (1977), Ind., 364 N.E.2d 1183.
Because of the various concerns already identified it would undoubtedly solve many of the potential problems where an indigent defendant indicates a desire to represent *883 himself, if the trial court honoring such a request would nevertheless appoint counsel whom the defendant might consult if and to the extent he desired. If the defendant then desired to proceed on his own, he would be free to do so. On the other hand if he desired some assistance on the technical requirements of his case, the counsel appointed would be an available source. In addition, where such counsel has been appointed, if a subsequent request to be represented by counsel were made, the court could more accurately gauge the basis for the request and, if desirable, supply counsel with less likelihood of a delay in the proceedings.
5. Finally, in considering the possibility of hybrid or mixed representation, clearly permission for such representation is committed to the trial court's discretion. Bradberry v. State (1977), Ind., 364 N.E.2d 1183; Works v. State (1977), Ind., 362 N.E.2d 144. These requests tend to diverge into two categories depending upon who is to assume the dominant role. In the first, the accused essentially wishes to proceed pro se. However, he wishes some assistance, usually technical, from counsel. While the court's response is discretionary, as previously stated such an appointment may be highly desirable to promote a fair trial and avoid subsequent challenges regarding the informed nature of the defendant's choice or the errors he committed. If the utilization of such counsel is left to the accused, he can assert no harm from the appointment. However, where counsel is appointed merely to assist the defendant who desires to conduct his own defense, the court in exercising its discretion may properly preclude counsel from direct participation and limit him to an advisory status. Furthermore, for purposes of appellate review the defendant's election to conduct his own defense should ordinarily preclude any complaint premised upon the failure of assisting counsel to affirmatively advise the defendant.
In the other variant, a defendant may desire to be represented by counsel but wishes to reserve to himself the examination of a witness, participation in final argument, etc. or he may wish to retain power to dictate the strategy for the defense. The extent to which such specific reservations are to be permitted is within the discretion of the court.[6] Where the desire concerns general strategy the issues are the same as in those cases where a defendant wishes to change counsel. Such issues must be raised by the defendant with the court in accord with the procedure outlined in paragraph numbered 4, supra.
Upon the basis of these guidelines, it is clear that the court should have conducted a more extensive inquiry when Russell requested to proceed pro se, and its failure to do so was error. It is equally clear, however, that under the circumstances the request lay within the discretionary zone of court action. Thus, the error does not mandate reversal as did the refusal of the trial court in Faretta to accord the "pure" right. I concur with Judge Hoffman in concluding that on the particular facts of this case the error was not reversible. While the court erred in not conducting a more extensive inquiry when the request was made, it clearly and explicitly advised Russell that if he had any questions or objections concerning the conduct of the trial he should notify the court; a recess would be taken and his questions or objections would be considered. Russell neither made such a request nor voiced any objections throughout the course of the trial. He has voiced none on appeal. The error, therefore, if not waived, is clearly harmless beyond a reasonable doubt.
Since I agree the evidence was sufficient to sustain the conviction, I concur.
STATON, Judge, concurring in part, dissenting in part.
While I can heartily concur in most of the substance of Judge Garrard's concurring opinion, I must dissent to the result reached *884 in that opinion. By utilizing the exemplary standards set out by Judge Garrard, I can only conclude that the trial judge did abuse his discretion in denying Russell's request to represent himself. Such error was not harmless.
Judge Garrard's concurring opinion reflects the depth of thought necessary to analyze the pro se representation and right to counsel dilemma. The standards mirror the current trends in most jurisdictions, including Indiana, as well as most scholarly comments on pro se representation.[1] I believe that Judge Garrard's rational approach should be adopted and applied in Indiana.
Judge Garrard has described a five-stage process for insuring that the constitutional rights of a defendant are protected while also assuring the orderly administration of justice.
1. A trial court may not advise an accused that he must be represented by an attorney, or compel him to accept representation by counsel.
2. At the arraignment, the trial court should expressly advise the defendant of his right to counsel and his right to forego counsel.
3. If the defendant is hesitant at accepting counsel or expresses an interest in representing himself, the trial court must fully advise him of his right to act without counsel and of the dangers and disadvantages of self representation so that the defendant's choice will be an informed choice.
4. The defendant should be advised that if he becomes dissatisfied with the representation which he is receiving, or becomes aware that he no longer is able to represent himself, the court must inquire into the problem and conduct a hearing to resolve factual issues. Standby and hybrid representation provide the most reasonable means of insuring that the defendant's rights are protected.
5. Once trial has commenced, any deviation from the initial election by the defendant is committed to the sound discretion of the trial court which shall weigh the defendant's desires, after conducting a hearing as to the factual bases therefor, with the need for the smooth workings of the judicial system.
Carefully applying Judge Garrard's procedure to Russell's case, I must conclude that the trial court abused its discretion in denying Russell the opportunity to represent himself. Standard number 3 clearly provides that if the defendant is hesitant at accepting counsel or expresses an interest in representing himself, the court must fully advise him of his right to act without counsel and of the dangers and disadvantages of self representation. Russell asked to represent himself because he was of the opinion that he would be better able to present the case; the defense attorney had not contacted Russell prior to a week before trial. I will not speculate as to whether Russell would have done a better job than his attorney. I am concerned because Russell explicitly requested the opportunity to represent himself, there appears on the face of the record a factual basis for such a request, there was no showing that the trial would have been delayed had the request been granted, and still the request was denied. It further concerns me that the trial judge did not advise Russell of the ramifications of pro se representation.
Standard number 4 is particularly applicable to Russell. Russell expressed dissatisfaction with his current representation. However, the trial judge did not hold any sort of factual hearing to determine the reasons for Russell's hesitance to proceed with his counsel. I agree with Judge Garrard that the denial of Russell's request may be termed discretionary. But, the failure of the court to provide a hearing is an abuse of discretion. In Hanrahan v. State (1968), 251 Ind. 325, 241 N.E.2d 143, the *885 Indiana Supreme Court held that the failure to provide a hearing for the resolution of a factual issue is reversible error. Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, intimates the necessity for a hearing. German v. State (1978), Ind., 373 N.E.2d 880, implies the propriety of a hearing. Furthermore, Russell's request was for a "pure" pro se representation; it was not a request for the type of hybrid representation referred to in Bradberry v. State (1977), Ind., 364 N.E.2d 1183; and, the request came at a time when the granting of the request would not have seriously inconvenienced the court.
Since the standard to be employed in reviewing the denial of a request to proceed pro se is abuse of discretion, and the Indiana Supreme Court has held that the failure to hold a hearing constitutes abuse and is reversible error,[2] I would reverse Russell's conviction and order a new trial. Supporting this decision, I again turn to the circumstances of the case. Russell was obviously dissatisfied, but no hearing was forthcoming. Thus, Judge Garrard has not followed his own fine standards to their necessary conclusion  that Russell was denied his fundamental right to pro se representation.
Any sort of reference to Russell's failure to object at trial or utilize the trial court's offer to recess is irrelevant here. I do not believe that this Court should deem Russell's inactivity a waiver. Russell was a defendant in a criminal trial. He asked the court for the opportunity to represent himself; he asked in a proper way. The court's response was "no." Russell was told that if he wanted any questions asked the court would recess and consider the matter.[3] The court left nothing open as to Russell's right to conduct his own defense; the court did not imply that Russell could have a hearing concerning that right. It is absolutely impractical for this Court to require Russell to risk offending the trial judge by reiterating his request throughout the trial.
Judge Garrard has stated that the court should have conducted a more extensive inquiry when Russell requested to proceed pro se, and its failure to do so was error. However, Judge Garrard terms the error harmless. In light of Russell's unequivocal request to proceed pro se and his conviction upon circumstantial evidence, an abuse of discretion has been shown. I believe that Russell's conviction should be reversed and a new trial granted.
NOTES
[1] The record discloses the following colloquy with the court:

"MR. CHOLIS: Your Honor, I believe it is an appropriate time right now to inform the Court, as I think it was properly indicated prior to this, that the defendant desires to conduct his defense. He feels that he is a competent attorney in his own behalf. He had had some experience and has done some research on the case and in the case of Reiter vs. California, I believe we have a situation here which is not dissimilar and which says, if he makes the request, he does indeed have a right to conduct his trial in his own behalf.
Do you have anything to say in addition to that?
"THE DEFENDANT: Your Honor, I feel that, under the circumstances of the case, I have more knowledge of the case, that I would be more competent in my behalf to conduct the trial myself.
* * * * * *
"THE COURT: The official indication was made to the Court this morning when the jury is called in and the jury is here and the fact is that the defendant has a Public Defender, and has made no request to represent himself until the last minute.
The Court will deny the request and the trial will proceed.
I will say, if there is anything that he feels is not being fully covered, we can have a recess and you can tell me what questions you wish to ask."
[2] Article 1, § 13 of the Constitution of Indiana also provides for similar rights:

"Rights of accused.  In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor."
[1] Article I, Section 13 of the Indiana Constitution affords a defendant the right "to be heard by himself and counsel." Arguably, this language reflects a stronger expression of intent. See Faretta, n. 10. However, it should be recalled that prior to the adoption of our constitutional provision in 1851 most jurisdictions prohibited a criminal defendant from testifying as a witness because of his interest in the outcome. See Mr. Justice Blackmun's dissent in Faretta and cases cited therein. 422 U.S. at 850, 95 S.Ct. at 2549, 45 L.Ed.2d at 591.
[2] In reaching its conclusion the Faretta majority speaks both of the actual, or objective, disadvantage where an accused does not desire his attorney and the perceptual or subjective one which arises from having counsel forced upon him. 422 U.S. 834, 95 S.Ct. 2540, 45 L.Ed.2d 581.
[3] We address only the fact that such dissatisfactions exist and the point at which they seem to arise. What would, in fact, be the "fullest defense" is difficult to ascertain. Because of emotional involvement or naivete an accused may well differ with capable counsel. On the other hand, shortcomings in either trial or preparation have little apparent impact unless they rise to the due process level of "shocking to the court's conscience" or "mockery of justice." See, e.g., Robertson v. State (1974), 262 Ind. 562, 319 N.E.2d 833. In addition, of course, we recognize that a broad area exists in most cases within which reasonable and experienced counsel may differ over available choices of strategy and tactics.
[4] The advice Faretta requires that the pro se defendant be given concerns not waiver of the right, but its exercise. Thus, the requirement is for sufficient advice to support an intelligent waiver of the right to counsel. See Wallace v. State (1977), Ind. App., 361 N.E.2d 159 (transfer denied).
[5] In those cases involving a guilty plea, the full protection of Boykin is afforded the pro se defendant. IC 35-4.1-1-1 et seq.
[6] We recognize that such situations may also create for counsel ethical concern over his continued participation.
[1] See generally Note, Faretta v. State of California  Perplexing Area of the Criminal Defendant's New Constitutional Right, 1 CRIM. JUST.J. 297 (1977); Note, Assistance of Counsel: A Right to Hybrid Representation, 57 B.U.L.REV. 570 (1977).
[2] Dearman v. State (1974), Ind. App., 315 N.E.2d 405, stated that no hearing was required. But that case involved dismissing appellate counsel. It is inapplicable to the present trial situation.
[3] At one point in the trial, defense counsel attempted to elicit testimony concerning the defendant's prior criminal arrests. The State objected to the questions, and the court asked on whose behest the questions were asked, defense counsel's or defendant's. Defense counsel answered that he was asking the questions upon "instructions of the defendant." The court sustained the objection. It is very difficult for me to imagine how this type of reaction by the trial court would have led the defendant to believe that objections by him would be well received.